JOHN BLACKIE *vs.* JOHN HUDSON.

Suffolk. Nov. 23, 1874. — Feb. 26, 1875. AMES & DEVENS, JJ., absent.

A notice by the aldermen of a city of an intention to widen a street in the city, as authorized by law, was served personally on the abutters, their tenants or agents, and notice was given by publication for two weeks in four daily newspapers to all others whose estates were benefited, of the intention to assess a portion of the expense thereof upon the estates so benefited according to law. *Held*, that, in the absence of any statute or city ordinance regulating the matter, the notice to the owners of the estates benefited was sufficient.

An assessment of the expenses of widening a street upon the lands abutting thereon and benefited thereby, is an incumbrance thereon from the time of the order of widening, and is a breach of the covenant against incumbrances in a deed of the premises afterwards executed, although the grantor at the time of the conveyance had only constructive notice of the widening.

CONTRACT on a covenant against incumbrances in a deed from the defendant to the plaintiff of land in Boston. The case was submitted to the Superior Court, and to this court on appeal, upon the following agreed facts :

The defendant on January 24, 1870, conveyed to the plaintiff a parcel of real estate situated on the westerly side of Hanover Street, in Boston, by a warranty deed, containing the covenant that the land was free from all incumbrances.

The board of aldermen of the city of Boston, by a resolve and order approved October 15, 1869, widened Hanover Street on its easterly side, between Blackstone and Commercial Streets.

The defendant at that time was over eighty years of age and blind ; he resided at Lexington in this Commonwealth, and neither he nor his agents knew of the proposed widening, or of an intention to assess for betterments, or of the proceedings until after the delivery of the deed to the plaintiff, nor was any notice given, except by publication as hereinafter stated, and at that time the work of widening had not been commenced. Due notice was previously given to the owners of lands, their tenants or agents, portions of which were taken for the widening ; and a copy of such notice was also previously inserted twice a week for two weeks in four daily newspapers published in Boston, purporting to give notice of the intended widening and " to all persons and parties owning or having any rights in estates that will be benefited by the said proposed widening of said street ; that said board intend to assess a portion of the expense thereof upon the estates so benefited, according to law," and therein designating a time for a hearing, &c., but the defendant or his tenants or agents had no knowledge of such notices, or any of them. The city of Boston has not established any ordinance under the Gen. Sts. c. 43, § 78.

The board of aldermen of the city, by an order passed December 24, 1870, adjudged and determined the proportional value of the benefit and advantage to the granted premises by the said widening to be $3400, and assessed thereon $1700 ; and by an order approved December 21, 1871, the board of aldermen abated the said assessment in part, to wit, $340, and leaving the amount after the abatement, $1360, which sum the plaintiff paid to the city of Boston, July 12, 1872, to prevent a sale by the city of the

granted premises, the defendant having first been notified of the assessment and requested to pay the same, which he refused to do.

The plaintiff contends that the liability to the assessment accrued at the time of the widening, October 15, 1869, and became a lien on the estate at that date, and that it was an incumbrance on the granted premises when they were conveyed to him as aforesaid, against which the defendant, by the covenant in his deed, is bound to indemnify him ; and if it shall be so determined, judgment is to be entered for the plaintiff for $1360, and interest thereon from July 12, 1872 ; otherwise for the defendant.

The Superior Court ordered judgment for the plaintiff, and the defendant appealed.

*C. F. Kittredge*, for the plaintiff.

*C. Robinson, Jr.*, for the defendant.

COLT, J. The widening of Hanover Street was under the St. of 1866, *c.* 174, as amended by the St. of 1868, *c.* 276, which was the betterment law then in force in Boston. This appears from the notice given by the board of aldermen of their intention to widen the same, and to assess a portion of the expense upon the estates benefited, followed by the order for the same and finally by an assessment for betterments. *Jones* v. *Aldermen of Boston*, 104 Mass. 461, 464. The notice was served personally upon owners or their tenants, or agents, when any part of the land was taken, and upon all others whose estates were benefited, by publication for two weeks in four daily papers. In the absence of any statute requirement, or any city ordinance, regulating this, we cannot say that there was not reasonable and sufficient notice given of these proceedings. It does not follow that one whose estate is only assessed for benefit is entitled to the same notice which is given to one whose lands are actually taken under the right of eminent domain. The rights of property in the latter are quite differently affected, and the redress afforded is different from that which applies to the former. These assessments for betterments are modes of taxation adopted for the purpose of subjecting those whose estates are directly benefited to a part of the expense of certain local improvements, and as such are upheld.

The liability to assessment in this case became an incumbrance upon the granted estate on October 15, 1869, when the order for widening the street was adopted. As was said in *Jones* v. *Alder*

*men of Boston, supra,* " the liability to assessment is not created by the adjudication of the aldermen, but by the fact that benefit is received from the widening, and it accrues at the time of the widening, and is to be estimated as of that date." It is like the assessment of annual taxes, where although made afterwards, yet the tax when ascertained relates back and takes effect as of the first of May, when the lien attaches. *Cochran* v. *Guild,* 106 Mass. 29. Liens of this description are incumbrances within the meaning of the covenants in the defendant's deed, and he cannot escape his obligations to the plaintiff by the agreed fact of his actual want of knowledge of the widening of the street at the time his deed was made. It may be nevertheless that the granted premises had then received the benefit of the improvement in its enhanced value, and that the defendant if he sold his land at its true value will not suffer a loss.

*Judgment for the plaintiff.*