PATRICK CARR *vs.* EDWARD DOOLEY.

Middlesex. Jan. 13, 1875. — Jan. 4, 1876. AMES & ENDICOTT, JJ., absent.

Under the Gen. Sts. *c.* 48, § 5, providing that assessments for sewers and drains shall constitute a lien on the real estate assessed "for one year after they are laid," an assessment by the mayor and aldermen of a city of the expenses of laying a sewer in a street of the city upon land abutting thereon and benefited thereby, is an incumbrance thereon from the time of the order for its construction, and is a breach of the covenant against incumbrances in a deed of the premises delivered after such order, but before the assessment was laid.

At the time of negotiations for the purchase of land, a sewer was in process of construction in the street on which the land abutted ; the party proposing to purchase called the owner's attention to the sewer, and asked him who was to pay for the sewer, to which the owner replied that he would, and that the other party should not be called upon to pay a cent for it. A deed of the land was subsequently given, with the usual warranty against incumbrances, but no mention was made in it of the sewer. The purchaser afterwards paid an assessment upon the land for the construction of the sewer. *Held,* in an action by him against his grantor upon a special promise to pay any assessment which should be laid on account of the sewer, in which the consideration was averred to be the purchase of the land, that evidence of the conversation and of the existing circumstances was sufficient to prove the promise. *Held, also,* that the evidence was competent, and was not open to the objection that it varied or enlarged the written instrument; and that the promise proved was not within the statute of frauds.

COLT, J. The first count in the plaintiff's declaration is upon the covenant against incumbrances contained in the defendant's deed to him. It alleges that the plaintiff has been obliged to pay an assessment for a sewer, which was a lien on the estate when the deed was made. The deed is dated June 8, 1870. The sewer was constructed under the provisions of the St. of 1869, *c.* 111, in pursuance of a resolution of the mayor and aldermen passed in May previous, directing " that a common sewer be laid in Cedar Street, from the Crosby Street sewer to Keene Street; the size of the sewer to be twelve inches in diameter." No question was made at the argument that this was not a sufficient location, and we must so regard it. *Bennett* v. *New Bedford,* 110 Mass. 433. The assessment was not made until after the deed was delivered.

It is objected that the liability to an assessment when the deed was made was not an incumbrance upon the land within the meaning of the covenant, because, by the terms of the Gen. Sts

*c.* 18, § 5, assessments are only made a lien on the real estate "for one year after they are laid."

Upon this question, the construction to be given to the statute must be such as accords with the interpretation given by this court to similar provisions relating to the collection of taxes. By the Gen. Sts. *c.* 12, § 22, taxes assessed on real estate are declared to be a lien thereon for two years after they are committed to the collector ; and yet, in *Cochran* v. *Guild,* 106 Mass. 29, in answer to the objection that they were not an incumbrance until so committed, it was held that they were so from the first of May, the date of their assessment, because the land then became liable for their payment.

In *Jones* v. *Aldermen of Boston,* 104 Mass. 461, where the question was, whether the St. of 1868, *c.* 276, which repealed § 5 of the St. of 1866, *c.* 174, with a clause saving all rights and liabilities which had accrued under it, affected an existing liability to be assessed in proceedings for widening a street commenced before the repeal, but under which no assessment had then been laid, it was declared that the right of the landowner to damages, and his liability to assessment for benefit, accrued at the time of the widening, although the assessment of damages and the adjudication of the amount of benefit must of necessity be made afterwards. The act under which the proceedings for widening the street in that case were had provided that all assessments should constitute a lien on real estate, to be enforced in the manner provided for the collection of taxes ; thus adopting the provision of the Gen. Sts. *c.* 12, which makes them a lien on the estate for two years after they are committed to the assessor. See also *Prince* v. *Boston,* 111 Mass. 226.

In *Blackie* v. *Hudson,* 117 Mass. 181, it was held, under the Sts. of 1866, *c.* 174, and 1868, *c.* 276, that the liability to an assessment of the expenses of widening a street was an incumbrance thereon from the time of the order of widening, and a breach of the covenant in a deed which was delivered before the assessment was made, but after the order for widening was passed.

The construction thus given to the betterment acts applies with equal force to the statutes which authorize sewer assessments. In both cases the elements necessary to ascertain the

amount of the assessment must be ascertained after the work is done ; and both are instances of local taxation for local improvements in which the estates immediately benefited are required to bear a proportional share of part at least of the whole cost of doing the work. The incumbrance, though not ascertained in amount until the assessment is made, is none the less an incumbrance, and attaches to the real estate benefited when a liability to assessment for the specific work ordered by the proper authorities first arises.

The first count in the declaration may, therefore, be maintained on the ground that at the time of the delivery of the deed, an incumbrance had been created on the land for a share of the expense of the Cedar Street sewer, under the order of the mayor and aldermen of the city of Lowell.

The second count is upon an alleged special promise to pay any assessments which should be made on account of the sewer then being built. The consideration of this promise is averred to have been the purchase of the land. In proof of the promise, the plaintiff relied on a conversation had between the parties during negotiations for the purchase and while the sewer was in open process of construction in front of the premises. The plaintiff called the defendant's attention to the sewer, and asked, " Who is to pay for this sewer ? " The defendant replied, " I will pay all that. You shall not be called upon to pay a cent for it." It is objected that this evidence, is not sufficient to prove the promise ; but the language of the defendant, interpreted with reference to the subject matter and the existing condition of the work, is enough to justify the jury in finding a verdict for the plaintiff.

Upon the question of its competency, it is sufficient that it has a tendency to prove an independent agreement made with reference to a distinct and separate matter, and founded upon a consideration embraced in the price of the land. The language relied on was indeed part of a conversation which took place while negotiations were pending which ended in a deed with limited covenants of warranty and against incumbrances, but it is not open to the objection that it is here used to vary or enlarge in any respect the contents of a written instrument, or that the

promise proved is within the statute of frauds. *Preble* v. *Baldwin,* 6 Cush. 549. *Howe* v. *Walker,* 4 Gray, 318.

*Case to stand for trial on both counts.*

*C. R. Blaisdell,* for the plaintiff.

*D. S. Richardson,* ( *G. F. Richardson* with him,) for the defendant.

