CHARLES C. COBURN *vs.* PAUL F. LITCHFIELD.

Middlesex. Jan. 16. — March 3, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

The grantee in a deed of land, containing a covenant against incumbrances, is entitled, in an action for breach of the covenant, the alleged incumbrance being an assessment upon the land for the cost of constructing a sewer, to recover the reasonable expenses paid by him to remove the incumbrance, although the assessment is in fact invalid, if the assessment can be reassessed.

CONTRACT for breach of the covenant against incumbrances in a deed of three lots of land from the defendant to the plaintiff, the alleged incumbrance being an assessment upon the land for

the cost of constructing a sewer. At the trial in the Superior Court, before *Gardner*, J., without a jury, the defendant asked for a ruling that, if the plaintiff was entitled to recover, he was entitled to recover nominal damages only. The judge refused so to rule; found that the reasonable expenses paid by the plaintiff to remove the incumbrance upon the land were $81.42, being less than the value of the premises; found for the plaintiff in that sum, with interest; and, at the request of both parties, reported the case for the determination of this court. If the ruling requested by the defendant should have been given, judgment was to be entered for the plaintiff in the sum of one dollar; otherwise, judgment upon the finding of the court. The facts appear in the opinion.

*J. N. Marshall*, for the defendant.

*F. W. Qua*, for the plaintiff.

MORTON, C. J. It was decided in *Carr* v. *Dooley*, 119 Mass. 294, that the liability of land to an assessment for the expenses of building a sewer was an incumbrance upon the land from the time of the order for the construction of the sewer, and a breach of the covenants against incumbrances in a deed which was delivered before the assessment was laid but after the order was passed.

It follows, and is admitted by the defendant, that the plaintiff is entitled to maintain this action. But the defendant contends that the plaintiff is entitled to nominal damages only. He argues that the assessment laid upon the land was invalid, and therefore that the payment by the plaintiff of the amount thereof was a payment in his own wrong. One ground of invalidity assigned by the defendant is that the lots in question were assessed for five thousand square feet each, without further description or location. The assessment in fact is upon each lot, described by its number. The fact that the city officers estimated the contents of each lot at five thousand square feet, instead of sixty-two hundred and fifty feet, the actual contents, would not seem to be any reason why the assessment should be held invalid. But we do not consider this important, for the reasons hereinafter stated.

The other objection is, that the assessment was made upon the defendant when in fact he was not the owner or occupant of

the land, either at the time the order was passed or at the time the assessment was laid. If, for either or both of these reasons, the assessment upon the land sold to the plaintiff was invalid, yet this furnishes no reason why he should not recover substantial damages. The fact that the assessment is invalid does not remove the lien or incumbrance upon his land. The proper officers could, by proceedings in due form, correct the errors and reassess the same amount upon the land, and, if it was not paid, sell the land.

The plaintiff then found himself in this situation: there was an incumbrance upon his land in favor of the city for an assessment justly due, the amount was ascertained, and the city had the power to enforce its claim by correcting the formal errors in the first assessment. It is against public policy to require him to enter into a useless contest with the city; and he had the right, acting in good faith, to pay the amount for which his land was liable, and thus remove the incumbrance upon it.

The attempted sale by the city for nonpayment of the assessment, being invalid and ineffectual by reason of informalities in the notice of sale and deed, is to be treated as a nullity, and has no effect upon the rights of the parties in this case. The presiding justice of the Superior Court, who tried the case without a jury, has found what the reasonable expenses paid by the plaintiff to remove the incumbrance upon his premises were; and he rightly ruled that the plaintiff was entitled to judgment for that amount and interest.

*Judgment upon the finding of the court.*