PATRICK FAGAN v. CATHERINE CADMUS AND JOHN COMBS,
EXECUTORS OF RICHARD CADMUS, DECEASED.

A street was opened and land was assessed for benefits. *Held*, that the existence of the liability to be assessed was a breach of the covenant against encumbrances contained in a deed for said land executed between the time of opening the street and making the assessment.

In covenant. On case certified from the Hudson county Circuit Court upon the following agreed-upon statement of facts:

The council of the city of Bayonne passed an ordinance ordering the opening of Avenue C from North avenue to the Morris canal, February 21st, 1871, and which was approved by the mayor February 24th, 1871. The final assessment map and the report of the commissioners were filed September 5th, 1871, and the same approved and confirmed September 28th, 1871. By this assessment, block 73 on the assessment map was assessed as *one plot*, the amount chargeable thereon, over and above the awards for damages, amounting to $121.63. This block (73) contained the property of the plaintiff and other property. On September 26th, 1872, Richard Cadmus, by deed of that date, conveyed to Patrick Fagan, the plaintiff, lots 12 to 18 and 43 to 49, in block 20, map of property of Richard Cadmus, situate in Bayonne city. The deed contained full covenants and warranty, among other covenants containing the following: "And that the same are now free, clear, discharged and unencumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and encumbrances of what nature or kind soever," which deed was duly acknowledged September 27th, 1872, and recorded in the Hudson county register's office October 16th, 1872, in Liber 249, page 35.

The property so conveyed to the plaintiff was within the limits of block 73 on the assessment map before mentioned, and was, at the time of the delivery of said deed, subject to

the encumbrance of said assessment for the opening of Avenue C, as aforesaid.

Richard Cadmus subsequently died, and by his last will, duly admitted to probate in the Hudson county surrogate's office, appointed the defendants his executors.

John Combs and others, in 1877, removed by *certiorari* the assessment for the opening of Avenue C, as aforesaid, so far as it affects the property of the prosecutors, to the Supreme Court, which court, by order entered November 12th, 1877, directed that "said assessment, as to the prosecutors, be set aside, made void and for nothing holden."

On June 14th, 1878, on application of the defendants, the city of Bayonne, the Supreme Court, in the same proceedings, ordered that said assessments "be set aside as to all persons affected thereby, as well as to the prosecutors, and that Charles L. Noe, Henry C. Selvage and Henry D. Kermagan, three discreet and impartial freeholders, residents in the city of Bayonne, be appointed commissioners to make a new assessment for the improvement ordered by the ordinance brought before this court in the above cause, such new assessment being ordered hereby to be made." The commissioners appointed as aforesaid made an assessment, and their report and map was filed September 17th, 1878, and the same approved and confirmed March 21st, 1879. By the commissioners' report the property of the plaintiff was assessed as follows:

"P. Fagen, block 93, lots 12–18, Bayview avenue, $233 93
"P. Fagen, block 93, lots 43–49, Westview avenue,  233 93

$467 86"

Block 93 on the new assessment map was identical with block 73 on the old map. In making the new assessment, the commissioners did not, as was first done, assess the block as *one plot*, but divided the assessment upon the lots, making awards for the front lots and assessing for benefits on the rear lots, the property of the plaintiff.

It is mutually agreed that this cause shall be determined as

though the plaintiff had, on June 19th, 1883, paid to the corporate authorities of Bayonne the full amount due on that date for the new assessment, principal, interest and penalty.

Argued at June Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and REED.

For the plaintiff, *Parmly, Olendorf & Fisk*.

For the defendant, *P. Bentley*.

The opinion of the court was delivered by

REED, J.    This action is for breach of the covenant against encumbrances contained in a deed from Richard Cadmus and wife to Patrick Fagan, the plaintiff.    The alleged breach is said to exist from the fact that at the time of the execution of the covenant the land conveyed was subjected to a liability to pay an assessment for benefits in a proceeding taken to open a street in Bayonne.    At that point of time an ordinance had been passed by the council of that city ordering the opening of Avenue C, and a final assessment map and report had been filed, approved and affirmed.    This assessment was a lien upon the land at the time of the execution of the deed, and its presence caused, *eo instante*, a breach of the covenant against encumbrances contained in that instrument.    But it appears from that statement of facts that this assessment was vacated upon *certiorari* to the Supreme Court, and that a new assessment was made after the execution of the deed, which assessment still stands.    The point contended for by the defendant is that the lien of the old assessment, being removed by its vacation, that the lien of the new assessment attached to the land at the time of its confirmation, which was subsequent to the execution of the covenant and therefore is not a breach thereof.

I have already stated that the presence of the unvacated assessment was a technical breach of the covenant at the time of its execution, but this, although it be true, does not solve the

questions involved in the present cause, because the legal questions certified are—first, whether there was a breach; and second, if so, what is the measure of damages to which the plaintiff is entitled? If the plaintiff's case rested alone upon the breach resulting from the existence of the assessment since vacated, his damages would be nominal only. He, however, claims that he is entitled to substantial damages, namely, the amount of the last assessment. To succeed in this contention he must place his right upon broader ground than that the first assessment constituted the breach. And I think he is entitled to do so.

It appears from the fact that a new assessment was made by commissioners appointed by the court which set aside the previous assessment, that the irregularity which rendered that assessment illegal existed in the manner of placing the assessment, and not in the manner in which the improvement had been made. By the act of the court in appointing commissioners, the continuing liability to an assessment legally made was judicially recognized. Now, although the final assessment was made after the execution of the covenant, yet the liability of the land conveyed to pay the amount which should be afterwards fixed by the commissioners was a pre-existing burden.

At the time of the conveyance all the stages in the proceedings preliminary to the assessment had been passed. The ordinance ordering the street to be opened had not only been passed and approved, but the work, for the benefits arising from which this assessment is made, had been done. When the plaintiff took his deed, therefore, the property which he bought was subjected to a burden resulting from an improvement to these lands while they were still the property of his grantor. This was an encumbrance, the extent of which subsequently appeared by the final assessment.

This question has received the consideration of the Supreme Court of Massachusetts in the case of *Blacker* v. *Hudson*, 117 *Mass.* 181. In that case it was held that a covenant against encumbrances was broken by the existence of a liability to an assessment for widening a street, although the assessment

therefor was made subsequently to the execution of the deed. In the subsequent case of *Carr* v. *Dooly*, 119 *Mass.* 294, the same principle was adopted in regard to a liability for an assessment for building a sewer. There is nothing in the statutes under which the improvements mentioned in those cases were made which distinguishes them from the one now under consideration.

It may be observed of the cases in Massachusetts that they fix the point of time when the liability arises at the date of the order to make the improvement. Here it is necessary only to hold that the liability exists from the time of the execution of the work which constitutes the improvement.

It is not intended to criticise or adopt the Massachusetts rule, which has the merit of certainty as to the time when the lien becomes fixed, but it is apparent that the correctness of the doctrine that the encumbrance precedes the assessment strikes the judgment more forcibly after the work has been done and the benefit has actually accrued for which the assessment has been made. To this extent only is it essential to go to hold that this plaintiff is not only entitled to recover, but to recover substantial damages. This result is in accordance with the views of the Chancellor in the case of *White* v. *Stretch*, 7 *C. E. Green* 76, a case similar to this.

The remaining question is, What is the measure of plaintiff's right to recover damages? The measure of damages in action for a breach of the covenant against encumbrances differs in three classes of cases. First, where the encumbrance is a debt which has been paid by the covenantee; second, where it might have been, but has not been, so paid; and third, where the encumbrance is such that it cannot be discharged, as a servitude or unmatured mortgage. In the first class of cases the covenantee recovers what he has paid; in the second class he recovers nominal damages only, and in the third class he recovers an amount estimated as a compensation for the depreciated value of the land resulting from the existence of the encumbrance. *Sedg. on Damages* 179.

The present case is within the first class. The final assess-

ment of $467.86, as has been already observed, was the ascertainment of the magnitude of the burden which already rested upon the land when the covenant was made. By the agreement of counsel it is to be taken as a fact that this assessment was paid by the plaintiff on June 19th, 1883. He therefore occupies the position of one who, having a covenant in his favor, pays a debt which was an encumbrance at the making of the deed. He is entitled to what he paid, with interest from the time of payment.