THOMAS F. MALOY *vs.* CHRISTIANA HOLL & another.

Suffolk.　December 7, 1905. — January 10, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Covenant.　Deed.*

In 1897 the defendant conveyed to the plaintiff certain land on or near Columbus Avenue in Boston by a quitclaim deed covenanting against all incumbrances made or suffered by the grantor. In 1895 the city of Boston under St. 1894, c. 416, by valid orders laid out an extension of Columbus Avenue, affecting the land in question. The work of construction under these orders, which began before the defendant gave the deed to the plaintiff and was completed in 1899, was done in violation of the statutes applying to it and no valid assessments for betterments could be made for it. St. 1902, c. 527, authorized the street commissioners to assess betterments for work completed within the six years next preceding the passage of the act, and under this statute the street commissioners imposed a valid assessment on the land for the work completed in 1899, which the plaintiff paid. *Held,* that the defendant was not liable for breach of covenant as at the time the deed was given there was no incumbrance.

SHELDON, J.　This case comes before us on the report of a judge of the Superior Court upon the bill, answer and statement of agreed facts.

It appears that on the twenty-third day of April, 1897, the defendant Holl, who is hereinafter called the defendant, conveyed to the plaintiff land in the vicinity of Columbus Avenue in Boston, by quitclaim deed of that date, containing a covenant that it was free from all incumbrances made or suffered by her. The plaintiff contends that on that day the land was subject to a betterment assessment under an order of the street commissioners of the city of Boston, passed on January 4, 1895,

and the bill is brought under R. L. c. 159, § 3, cl. 7, to enforce the liability of the defendant for the breach of her covenant.

In 1895, before the defendant made her conveyance, the street commissioners of the city of Boston, acting under the authority of St. 1894, c. 416, by valid orders laid out the extension of Columbus Avenue, and proceeded to do the necessary work therefor; but the work of construction was not done in conformity with the requirements of the statutes as to the letting of contracts and otherwise, so that abutters could not be made liable for the payment of betterment assessments; and if any such assessment had been made, the abutters could have had it quashed on certiorari. *Warren* v. *Street Commissioners*, 181 Mass. 6. The work of construction was begun before the defendant gave her deed to the plaintiff, and was completed in 1899, subsequent to the giving of this deed. In 1902, the Legislature passed an act allowing the street commissioners to make betterment assessments for work completed within the six years next preceding the passage of the act; St. 1902, c. 527; and on January 3, 1903, the board of street commissioners assessed upon the land described in the plaintiff's deed the sum of $326, and the plaintiff has paid this assessment.

It is not disputed that the assessment of January 3, 1903, was valid as against one who owned the land assessed at the dates of both the orders of construction and of assessment. *New England Hospital for Women and Children* v. *Street Commissioners*, 188 Mass. 88. *Warren* v. *Street Commissioners*, 187 Mass. 290. And it is settled that by the passage of an order laying out a highway or ordering its widening or alteration, a lien attaches to the property to be assessed for a betterment, though the amount due upon such lien is uncertain until the completion of the work and the making of the assessment, and the existence of this lien is an incumbrance upon the land and constitutes a breach of the covenant against incumbrances in a deed given after the passing of the order for the laying out or widening, but before the actual making of the betterment assessment. *Blackie* v. *Hudson*, 117 Mass. 181. And this would be so, even though the assessment were technically invalid, if the proper officers could correct the error by proceedings in due form, and

reassess the same amount upon the land, and sell the land if this same amount was not paid. *Coburn* v. *Litchfield*, 132 Mass. 449. *Smith* v. *Abington Savings Bank*, 171 Mass. 178, 186. It is the liability to assessment that constitutes the incumbrance; and the liability is an incumbrance upon the land when it accrues, even though its amount may not be known and the present right of enforcement may not come into existence until the assessment is afterwards made. *Carr* v. *Dooley*, 119 Mass. 294. *Blackie* v. *Hudson, ubi supra. Prince* v. *Boston*, 111 Mass. 226. *Jones* v. *Aldermen of Boston*, 104 Mass. 461. Accordingly the lien on the defendant's land, its liability to be assessed for this extension of Columbus Avenue, accrued in 1895; and this constituted an incumbrance upon the land in April, 1897, when she gave her deed, if an assessment could then be laid under the St. of 1894, under which the work was done. If the work of construction had been so done that such an assessment could be laid, and if this action were for the recovery of such an assessment, the plaintiff's case would be made out.

But it appears that no such assessment could be laid, and that the lien upon the defendant's land, under the laws in force when she gave her deed, had ceased to be a lasting incumbrance. Her covenant against incumbrances, if broken at all, was broken as soon as it was made. *Bailey* v. *Agawam National Bank*, *ante*, 20, decided since this case was argued. *Whitney* v. *Dinsmore*, 6 Cush. 124, 127, 128. But when she gave her deed, there was no valid incumbrance upon her land for this assessment, nor could there be any under the statutes then in force. The street commissioners had no power to make any assessment for this construction. *Warren* v. *Street Commissioners, ubi supra.* For the same reason they had then no power to make a reassessment, as might have been done in *Coburn* v. *Litchfield* and *Smith* v. *Abington Savings Bank, ubi supra.* The assessment now in question, whether called a reassessment or not, was laid under St. 1902, c. 527; the power to lay it is derived wholly from that statute; the liability to pay it and the lien upon the land for its collection could not have existed in 1897, when the rights of these parties became fixed.

We are of opinion that the incumbrance of which the plaintiff complains was not in existence when he received his deed from

the defendant, and so constitutes no breach of her covenant against incumbrances therein contained.

*Bill to be dismissed.*

*P. D. Morris*, for the plaintiff.

*W. Bolster*, for the defendant Holl.

*H. Wheeler*, for other persons similarly interested, filed a brief by leave of the court.