JOHN A. HESTER *vs.* COLLECTOR OF TAXES OF BROCKTON
& others.

Suffolk.    November 12, 1913. — May 19, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Tax,* Assessment for benefits. *Sewer. Constitutional Law. Municipal Corporations,* By-laws and ordinances.

Where no application has been made under R. L. c. 49, §§ 16-20, for the apportionment of a sewer assessment, the assessment should be made to the owner of the land at the time of the passage of the order for the construction of the sewer, although such owner parted with all his interest in the land many years before the assessment was made.

R. L. c. 49, § 5, authorizing sewer assessments proportional to the cost of construction, is construed as containing the implied limitation that no assessment shall be made exceeding the special benefit received by the estate assessed, and so construed the statute is constitutional, and a city ordinance based upon it is valid. Following *Cheney* v. *Beverly,* 188 Mass. 81.

Upon a petition for a writ of certiorari to quash the proceedings for the assessment and collection of a sewer assessment made to the person who owned an entire parcel of land when the construction of the sewer was authorized although at the time of the assessment the land had been divided into various lots of which the petitioner owned one, it cannot be said that the assessment was illegal because it was made nearly seventeen years after the order for the construction of the sewer, if it does not appear that the petitioner has suffered by the delay.

PETITION, filed on April 15, 1912, for a writ of certiorari to quash the proceedings of the tax collector, mayor and board of aldermen of Brockton in regard to the assessment and collection of a sewer assessment on a parcel of land on Grove Street in that city owned on June 1, 1893, when the order for the construction of such sewer was passed, by one Abby Farrar, the assessment having been made under R. L. c. 50 and the Revised Ordinances of the City of Brockton c. 28, § 3, on March 22, 1910, when the

land belonged to the petitioner and other persons. The ordinance referred to was based on R. L. c. 49, § 5.

The case came on to be heard by *Morton, J.,* who, by agreement of the parties, reserved it upon the pleadings and an agreed statement of facts for determination by the full court.

*W. P. Murray,* for the petitioner.

*W. M. Wilbar,* for the respondents.

HAMMOND, J. The assessment was made upon a portion of the land as it existed at the time of the passage of the order for the construction of the sewer, being the portion running back one hundred and twenty-five feet from the street; and the only person named in the order of the assessment as the owner of the land is one Abby Farrar, who was the owner at the time of the passage of the construction order.

It appears that at the time of the order for assessment Abby Farrar had sold out all her interest in the land and that the land had been divided into various lots owned in severalty by different persons; and the petitioner contends that the assessment should have been apportioned among these various lots and that the names of the respective owners thereof should have been inserted in the assessment order; and that because this was not done the assessment is void.

This contention is untenable. The assessment when made constituted a lien upon the land covered by it, and this lien relates back to the time of the passage of the order for the construction of the sewer, and is an incumbrance from that time. *Carr* v. *Dooley,* 119 Mass. 294. *Coburn* v. *Litchfield,* 132 Mass. 449. It is one entire lien upon one entire parcel of land, and so remains, notwithstanding subsequent divisions into several parcels owned in severalty by different persons. It is true that a way is provided by statute by which the assessment may be apportioned among these various owners in severalty and the lien correspondingly modified. R. L. c. 49, §§ 16–20, both inclusive. But no proceedings having been taken under those sections the assessment was properly made as one entire assessment upon one entire parcel of land, to be enforced by one entire lien; and Farrar was properly named as the owner of this parcel. In the absence of any application by an owner under the sections last above named, the assessing board rightfully might look back to the condition

of things as to ownership existing at the time of the passage of the order for the construction of the sewer, and make the assessment accordingly.

The petitioner further contends that the assessment is void because not proportional to the special benefit received, but rather to the cost of the sewer, and that therefore the assessment may exceed the special benefit. The assessment evidently was made under an ordinance of the city, based upon the provisions of R. L. c. 49, §§ 3, 5, which in substance provide that a city may adopt a system of sewerage for a part or a whole of its territory, and may provide that assessments "shall be made upon owners of land within such territory by a fixed uniform rate, based upon the estimated average cost of all the sewers therein, according to the frontage of such land on any street or way in which a sewer is constructed, or according to the area of such land within a fixed depth from such street or way, or according to both such frontage and area; but no assessment in respect to any such land which, by reason of its grade or level or any other cause cannot be drained into such sewer, shall be made, certified or notified until such incapacity is removed. If the assessment is according to the area within such fixed depth, the lien therefor shall attach to the parcel assessed."

This statute does not authorize an assessment greater than the special benefit received, and is constitutional. *Cheney* v. *Beverly,* 188 Mass. 81, and cases there cited. The case is plainly distinguishable from cases like *Weed* v. *Boston,* 172 Mass. 28, cited by the petitioner. The ordinance follows the statute and cannot be regarded as authorizing an assessment greater than the special benefit. If, as urged by the petitioner, the assessment in the present case does in fact exceed the special benefit, his remedy was by petition for abatement or by appeal to a jury under R. L. c. 49.

There has been great delay in making this assessment, but upon this report we cannot say that for that reason the assessment is illegal. Nor does it appear that the petitioner has suffered by the delay.

*Petition dismissed.*