Rowe, J.
This is an action to recover for breach of covenants of a warranty deed executed by the defendants, conveying to the plaintiff a parcel of land on Morse St., Nor-wood. The trial judge found that an encumbrance existed such as to constitute a breach of warranty that the premises were free from all encumbrances, and found for the plaintiffs.
The defendant, in effect, contends that under the facts hereinafter stated that there was no breach of the covenants *238 that the premises were free from all encumbrances and that therefore the finding should have been for the defendant.
The material facts are as follows: the Town of Norwood accepted St. 1901 c. 311, a special act authorizing that town to construct a system of sewers, with assessments. The town authorities, in 1932, duly adopted an order for the construction of a sewer on said Morse St. and actually constructed the sewer that year. The order was not recorded in the registry of deeds. In 1941 an assessment for the construction of the sewer was levied on the plaintiffs. The plaintiffs paid it to the town and then brought the present action against the defendant to recover for the alleged breach of the covenants against encumbrances.
As to the ownership of the premises: they were owned in 1932 by one Miner. The defendant and his wife bought the property in 1934 and recorded the- deed. The defendant acquired title in 1935 and conveyed the premises to the plaintiffs in 1937, by warranty deed, with covenants that the premises were free from all encumbrances.
We are of the opinion that the assessment was properly made.
A lien existed upon the premises from the time of the order for the construction of the sewer, and there would be a breach of the covenant against encumbrances even if the deed was executed subsequent to such order and prior to the levying of the assessment. Carr v. Dooley, 119 Mass. 294.
It is true that an assessment was not levied until several years after the sewer was constructed, but that fact did not invalidate the assessment. Hester v. Brockton, 217 Mass. 422.
The question is raised as to whether the assessment actually was and should have been made under the special act above spoken of or under the general law (G. L. c.c. 80, *239 83) relating to the assessment of sewer betterments. If the assessment was- made under the general law it might be invalid because the order for the construction of the sewer did not state “that betterments are to be assessed.” G. L. c. 80 s. 17.
If the above general law superseded the special act, the assessment in the instant case, as of necessity, could have been made only under the general law. In view, however, of Cohen v. Price, 273 Mass. 303 and Mullen v. Board of Sewer Commissioners of Milton, 280 Mass. 531, we are of the opinion that the special act was not superseded by the general law, and that it was not error for the trial judge to decide, as he did, that the assessment was made under the special act.
It is true that the order for the construction of the sewer was not recorded in the registry of deeds. Such recording was not necessary. The special act did not require recording for it to be a valid order. Even in some instances where the governing statute provides for recording an order, failure to do so has not rendered the proceeding void. Beckford v. Needham, 199 Mass. 369, although as to later statutes see Watertown v. Dana, 255 Mass. 67, 72. “The effective act of taking” in the instant case was not the recording of the order. See Radway v. Selectmen of Dennis, 266 Mass. 329 at 334.
The defendant further calls attention to sections six and seven of the special act, and argues that a lien may come into existence, but not before 1941 when the assessment was made. If this be true, then there would be no breach of the covenant against encumbrances, since the defendant conveyed to the plaintiffs in 1937. He further argues that the notice provided for by those sections was sent to the plaintiffs and not to the defendant. But these sections with reference to these items simply make provision concern *240 ing a due date and a statute of limitations. They do not provide for a condition precedent to the coming into existence of a valid lien or assessment. Carr v. Dooley, supra, is against the defendant’s contention as to when the lieu begins. Report dismissed. ...