*Southern Division*

## THOMAS BLEAKLEY, JR.
### v.
## JOHN UCELLO, TRUSTEE OF THE GRAPE ISLAND TRUST

*Cox, J.* This is an action for breach of a contract for the sale of land and the erection of a house thereon.

The report states that all the material evidence is set forth in the judge's findings, according to which, including exhibits, it appears that by an agreement dated (May 17, 1954), the defendant agreed to sell and the plaintiff to purchase premises at 22 Heath Street in the Squantum area of Quincy. The defendant agreed to construct on the premises and to convey on or before (August 31, 1954), by a good and sufficient quitclaim deed of the seller (defendant) conveying a good and clear title to the premises free from all encumbrances, a five-room ranch type home the same as a house already built nearby, with certain exceptions not material.

On (October 29, 1954) the defendant conveyed the premises to the plaintiff and his wife by a quitclaim deed in statutory form. On that date the premises were subject to a sewer assessment by the City of Quincy in the sum of $236.40. This assessment was reassessed to the plaintiff in January, 1955. It has not been paid and the defendant has refused to pay it.

Before delivering the deed on October 29, 1954, the defendant had spread loam to a depth of one to two inches and had seeded only the front part of the premises. The agreement of sale and purchase provided that the grounds in front and rear of the house should be covered with five inches of loam and

seeded. The defendant told the plaintiff he would complete the work in the spring but has refused, notwithstanding numerous requests by the plaintiff that he do so. The defendant did deliver to the plaintiff one truck load of loam.

The judge found that the defendant was obligated to build dry wells because of the fact that at the time of the sale and purchase agreement the model premises contained dry wells. After the deed was delivered the plaintiff requested the defendant to install the dry wells but the defendant refused to do so contenting himself with giving the plaintiff the pipe to connect downspouts to the wells.

The judge made the following findings for the plaintiff:

1.  The sum of $242.69, the amount of the sewer assessment, including interest due thereon.
2.  The sum of $164.80, being the cost of bringing the loan to the agreed depth of five inches for seeding, and for labor performed by the plaintiff in connection therewith.
3.  The sum of $30.00 for installing the dry wells.

The case was reported because the defendant claims to be aggrieved by the denial of his requests for rulings numbers 1, 2, 11, 13 and 14.

The defendant's contention and the point raised by his denied requests for rulings is that the acceptance of the deed of the premises constituted a merger of the terms of the agreement with those of the deed and discharged the defendant of his contractual duties in the sale and purchase agreement. It is settled law that "The acceptance of a deed of conveyance of land from one who has previously contracted to sell it, discharges the contractual duties of the seller to the party so accepting except such as are embodied in the deed . . ." Restatement: Contracts, §413. After citing the Restatement, Chief Justice Qua wrote in *Pybus v. Grasso*, 317 Mass. 716, 717, 718, "This rule is generally held to apply even though the contract was in writing and con-

tained express provisions as to the title to be conveyed. Williston on Contracts (Rev. Ed.) §926, at pages 2603-2604, §§723, 1566. Restatement: Restitution, §24, Comment e. See a multitude of cases collected in 84 ALR 1008, and in CJS at page 340. And the rule has been applied in a number of cases where the defect in the conveyance consists in a failure to convey all the land contracted for as well as in cases where the defect is in the title to the land actually conveyed." Cases cited. The Chief Justice in his opinion also quoted from *Williams v. Hathaway*, 19 Pick. 387, 388 wherein it was written, ". . . by the rules of law, when a deed is executed in pursuance of a contract for the sale of land, all prior proposals and stipulations are merged, and the deed is deemed to express the final and entire contract between the parties."

The Chief Justice also noted, "To the general rule as stated above there is an exception to the effect that promises in the original agreement which are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given are not necessarily merged in the deed, but may survive it and may be enforced after the deed is given."

The deed by Ucello makes no mention of the sewer assessment but as a quitclaim deed in statutory form had the force and effect of a deed in fee simple ". . . with covenants on the part of the grantor . . . with the grantee . . . that at the time of the delivery of such deed the premises were free from all encumbrances made by him, and that he will . . . warrant and defend the same to the grantee . . . forever against the lawful claims and demands of all persons claiming by, through or under the grantor . . ." G. L. c. 183, s. 11. The sewer assessment was an encumbrance on the land at the time of the delivery of the deed. *Carr v. Dooley,* 119 Mass. 294. *Coburn v. Litchfield,* 132 Mass. 449, 450. *McCormick*

*v. Cheevers,* 124 Mass. 262. *Smith v. Carney,* 127 Mass. 179. *Cohen v. Price,* 273 Mass. 303, 309. *Hester v. Collector,* 217 Mass. 422, 423. The stipulation in the sale and purchase agreement that the conveyance was to be "free from all encumbrances" is exactly the same as the statutory covenant on the part of the grantor that at the time of the delivery of such deed the premises were "free from all encumbrances". Accordingly, even though the stipulations in the agreement became merged with the deed the liability of the defendant may be found in the covenant against encumbrances contained in the deed. The case of *Carr v. Dooley,* 119 Mass. 294 is clear authority that not only is the sewer assessment an encumbrance, but also that the seller is liable for its payment under his warranty against encumbrances. This conclusion is in keeping with *Pybus v. Grasso,* 317 Mass. 716 that the seller is not discharged from such contractual obligations as are embodied in the deed. See also *Berman v. Geller,* 325 Mass. 377; *Fanger v. Leader,* 327 Mass. 501.

██ The finding for the plaintiff because of the defendant's failure to spread sufficient loam and to seed the ground as agreed also finds support in the exception to the rule recognized in *Pybus v. Grasso,* 317 Mass. 716, 719. The loam and spreading thereof, of the dry wells, in our opinion, come within the the seeding of the land and indeed the construction exception to the rule that the agreement merges with the deed which was silent on these matters, because those terms ". . . are additional or collateral to the main promise to convey the land and are not inconsistent with the deed as given . . ." They are not merged in the deed, but survive it and are enforceable as obligations of the seller continuing after the deed was given. *Bowditch v. B. T. Slattery Company,* 263 Mass. 496, 499, where it was held that a buyer's liability to pay the broker's commission did not cease with the acceptance of the deed. See also *Berman v.*

*Geller*, 325 Mass. 377; and the authorities cited in *Pybus v. Grasso*, 317 Mass. 716, 719.

We find no error in the denial of the defendant's requests for rulings numbers 1 and 2 that the acceptance of the deed barred recovery for the loam, the spreading of it and the seeding; nor in the denial of number 11 that the plaintiff could not recover the amount of the sewer assessment. Nor do we perceive any error in the denials of numbers 13 and 14. Number 14 is that the acceptance of the deed barred recovery for any of the items described in the several counts and number 13, that upon all the evidence the finding must be for the defendant. The denial of the last request gave the defendant no right of review. Rule 27 of Rules of the District Courts (1952).

As we perceive no error of law prejudicial to the defendant, *an order should be entered dismissing the report.*