*Western District*

## PHILLIP B. ENGEL
### v.
## EDWARD A. THOMPSON ET AL

This is an action of contract to recover for *breach of covenant in a statutory form of quitclaim deed* given by the plaintiffs to the defendants dated December 27, 1950, conveying land located on Holden Street in the City of Worcester.

The defendants, residents of Florida, appeared specially to defend their interest in real estate attached in this action, and without waiving their special appearance and without submitting themselves generally to the jurisdiction of the Court, filed an answer consisting of a general denial.

The case was submitted to the trial judge as a Case Stated without evidence as follows:

1. From June 21, 1950 to December 27, 1950 the defendants were the owners of a parcel of land in Worcester, Massachusetts, on the northeasterly corner of Holden Street and Tuxedo Road.

2. On or about September, 1950 the defendants petitioned the City Council of the City of Worcester

to construct a sewer in Holden Street in front of said parcel of land.

3. On October 11, 1950, acting upon said petition of the defendants, the City Council passed an order to construct a sewer in Holden Street in front of said parcel of land.

4. The sewer was subsequently constructed prior to December 27, 1950 in accordance with said order of the City Council.

5. The construction of the sewer benefited said parcel of land.

6. On December 27, 1950 the defendants by statutory form of quitclaim deed conveyed said parcel of land to the plaintiffs.

7. On or about September 16, 1954 the plaintiffs were assessed by the City Council the sum of $226.38 on account of said order for the construction of said sewer and its subsequent construction.

8. On or about March 9, 1955 the plaintiffs paid said sewer assessment to the Treasurer and Collector of Taxes of the City of Worcester.

9. The sewer location referred to in said deed has no connection with the petition, construction order or sewer assessment involved in this case.

10. The plaintiffs have been the owners of said parcel of land since December 27, 1950.

The defendants seasonably submitted the following requests for rulings:

1. The evidence is insufficient to warrant a finding for the plaintiffs.

2. The facts set forth in Case Stated do not warrant a finding for the plaintiffs.

The trial Judge denied said requests and made a finding for the plaintiffs in the sum of $226.38.

The defendants claimed to be aggrieved by the denial of their requests for rulings.

The passage of the order for the construction of the sewer by the City Council of Worcester on October 11, 1950, created an incumbrance upon the

land conveyed. *Carr v. Dooley,* 119 Mass. 294. As is said in *Hester v. Collector of Brockton,* 217 Mass. 422, the sewer assessment when made constituted a lien upon the land covered by it and this lien relates back to the time of the passage of the order for the construction of the sewer and is an incumbrance from that time. Where a lien for a sewer assessment exists when a deed is delivered, there is a breach of the covenant against incumbrances at that time. *Cotting v. C.,* 205 Mass. 523. In the latter case, the deed was a warranty deed and it was held that the plaintiff was entitled to judgment for the amount of the assessment he had paid.

In the instant case, had the premises been conveyed by a warranty deed, with the usual covenants against the lawful claims and demands of all persons, the plaintiffs would be entitled to recover the amount of the sewer assessment paid by them. Inasmuch, however, as the premises were conveyed by a statutory form of quitclaim deed, the important issue is, does the incumbrance come within the warranties of such a deed.

G. L. c. 183, §17, states the meaning of covenants in a quitclaim deed to be that the grantor covenants with the grantee that "the granted premises are free from all encumbrances made by the grantor, and that he will . . . warrant and defend the same to the grantee . . . forever against the lawful claims and demands of all persons claiming by, through or under the grantor, but against none other." See G. L., c. 183, §11. It should be noted that prior to the adoption of the so-called short forms statute, the general form of quitclaim deeds in use contained the words "free from all incumbrances made or suffered by me." Crocker's Notes on Common Forms (1938) §337.

The only case in which the warranties in the statutory form of quitclaim deed have been considered by our Supreme Court, which has been called to our attention or which we have been able to find,

is *Fanger v. Leeder*, 327 Mass. 501. The facts in that case are distinguishable from those in the instant case, and therefore the decision is not helpful in determining the issue before us.

The omission of the words "or suffered" from the statutory form of quitclaim deed has no material bearing on the issue and our decision would be the same under the warranties both in the statutory form of quitclaim deed and the so-called common law form of quitclaim deed.

The principles of law as stated in *Weeks v. Grace*, 194 Mass. 296, are decisive of the issue in this case. In *Weeks v. Grace* the Court held that the appropriation of private property for a public use under the right of eminent domain is a proceeding *in rem*, and the title acquired is an independent one not derived from that of the owner of the land, and therefore the existence of an easement which was taken by a city under the right of eminent domain in a strip of land for the purpose of laying and maintaining a sewer is not a breach of a covenant in a deed of the land warranting the title against the lawful claims and demands of all persons claiming by, through or under the grantor. It should be noted that although the deed involved was given by the defendant to the plaintiffs on October 30, 1897, long before the short forms act was enacted in 1912, the warranty was substantially the same as now provided for in the statute form of quitclaim deed in that the words "or suffered" were not included in the warranty of the deed given by Grace to Weeks.

In the statutory form of quitclaim deed the limited covenants against incumbrances and of warranty are independent and a breach of either would give a distinct cause of action. This is so stated in *Weeks v. Grace, supra,* where the Court says that "the building and maintaining of a public sewer through a part of the granted premises did not constitute a breach of the first covenant, as the action of the

public authorities was neither caused nor permitted by the grantor."

In the instant case there was no breach of the first covenant. The incumbrance upon the land was not caused or created by the defendants. It was the action of the City Council of Worcester which created the incumbrance and caused it to become attached to the land. While the defendants asked the City Council to pass the order for construction of the sewer, they had no power to take any action which would create the incumbrance. The City Council alone had that power. It was not the petition, but the action of the City Council in passing the order for construction of the sewer, which created the incumbrance and attached it to the land. Neither did the defendants permit this action to be taken by the City Council. Without any petition from the defendants, and even against their violent objection, the City Council could have passed this order. It cannot be said that one permits a thing to be done when he has no right or power to prevent its being done.

Was there any breach of the covenant that the grantors would warrant and defend against all persons claiming by, through or under them? We think not. It is stated in *Raymond v. Raymond*, 10 Cush. 134, 140, that a covenant "that the grantor 'would warrant and defend against all persons claiming by, through or under him', is of no greater effect than to warrant against title acquired through the grantor. It falls short of the general covenant of warranty and is not a covenant to warrant against a title held by others derived from other independent sources and not through the grantor." It is to be remembered that this incumbrance, if the assessment made thereafter was not paid, by a sale of the land under proper proceedings, would ripen into a new unencumbered title in fee, which would be superior to all incumbrances or qualifying estates.

Would such a title, so acquired, based upon the incumbrance by force of the lien existing at the time of the conveyance of the land to the plaintiffs on December 27, 1950, be derived from and supported by the title of the defendants, or would it be an independent and superior title acquired through the exercise of an inherent power of organized government, sometimes called "eminent domain" and "police power"? It would be an independent title and therefore there was no warranty in the deed against the incumbrance attached to the land by the action of the City Council, the incumbrance being a vital and necessary part of the proceedings by which the City Council lawfully exercised the power of organized government in providing for the construction of the sewer.

As pointed out in *Weeks v. Grace, supra,* on Page 300, when land is sold for unpaid taxes, the purchaser gets a new unincumbered title in fee by force of the lien of the taxing power, not one derived from and supported by the title of the owner of the land assessed. Furthermore, in *Loring v. Commissioner of Public Works,* 264 Mass. 460, in discussing the statute providing for a lien on land for water rates the Court said that private property, including contract rights and real and personal estate, is held subject to the lawful exercise of police power and that the interests of the public are paramount, and held the statute to be a constitutional exercise of the police power.

In *Mechanics Sav. Bank v. Collector of Taxes,* 299 Mass. 404, the Court held that the lien upon real estate for water rates is not limited to the interest or estate in the land which is possessed by the owner; that the lien is superior to existing mortgages on the real estate.

Clearly, it follows that the title obtained from a sale of land by force of the lien for water rates attached thereto, would be an independent title, and

not one derived from and supported by the title of the owner of the land.

In *Weeks v. Grace, supra,* at Page 299, the Court cites the familiar instance illustrative of a derivative title, stating that when an execution is levied by sale of real estate the purchaser by operation of law gets the debtor's title, nothing more. The purchaser acquires no greater interest than that held by those under whom he claims. Therefore an attachment of land made in an action at law or in equity would be an incumbrance under the kind of warranty we have been considering. The difference between a title acquired by force of the lien for taxes, water rates and assessments for sewers and roads, and a title acquired by sale of real estate on execution is plain. In the former the source of the title is one that is superior to and independent from that of the owner, a title which is paramount in the public. In the latter case the source of the title is that, and only that, which the debtor had in the land, and nothing more.

The incumbrance in question was not created, acquired or derived "by, through or under" the defendants, but was created by the action of public authorities in the performance of their duty under well established principles of law. Therefore the defendants' covenant of warranty was not broken and the rulings asked for should have been given.

There was prejudicial error. The trial judge having heard this case on a Case Stated, and no other evidence having been offered, we have before us all the facts necessary for determining the question in dispute, and by virtue of the power granted by G. L. c. 231, §110, we order the finding for the plaintiffs vacated and a finding for the defendants entered.

Sibley, Blair & Mountain (Alfred N. Whiting), for the Plaintiffs.

Walter J. Griffin, for the Defendants.