PHILIP B. ENGEL & another *vs.* EDWARD A. THOMPSON & another.

Worcester. September 23, 1957. — December 18, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Deed,* Quitclaim deed, Covenant against encumbrances. *Taxation,* Betterment.

There was a breach of the covenant against encumbrances in a quitclaim deed in the short statutory form by reason of a lien on the premises conveyed arising from an order for construction of a sewer and completion of the construction before the conveyance, although the assessment was not levied until after the conveyance. [530–531]

The omission, in the covenant against encumbrances in the short statutory form of quitclaim deed, of the words "or suffered" usually appearing in quitclaim deeds prior to such short form was without significance and not intended to cut down the liability of the grantor. [531–532]

CONTRACT. Writ in the Central District Court of Worcester dated January 21, 1955.

The action was heard by *Allen, J.*

*Alfred N. Whiting,* for the plaintiffs.

*William Scannell,* (*Walter J. Griffin* with him,) for the defendants.

RONAN, J. This is an action of contract to recover the amount of a sewer assessment laid upon a parcel of land conveyed to the plaintiffs by the defendants which was in fact transferred by deed with quitclaim covenants after the order for the construction was passed by the city council and the construction of the sewer completed, but prior to the determination of the exact expense incurred by the city and the laying of the assessment. The decision by a judge

of a District Court for the plaintiffs was reversed by the Appellate Division and judgment ordered for the defendants.

The defendants, shortly after the purchase of their land on June 21, 1950, requested the city council to extend the public sewer in front of their premises. The city council adopted an order in October, 1950, for the construction of the sewer and the work was completed before December 27, 1950, on which date the premises were conveyed to the plaintiffs by the defendants by the short form of a quitclaim deed. G. L. (Ter. Ed.) c. 183, Appendix (2). This deed contains limited covenants (1) against encumbrances in that it provided "that the granted premises are free from all encumbrances made by the grantor," and (2) of warranty against the "lawful claims and demands of all persons claiming by, through or under the grantor, but against none other." G. L. (Ter. Ed.) c. 183, § 17. These two covenants are independent and a breach of either creates a cause of action. *Weeks* v. *Grace*, 194 Mass. 296, 297. The sewer assessment was levied by the city council on September 16, 1954, in the amount of $226.38 and was paid by the plaintiffs on March 9, 1955.

The defendants do not challenge the validity of the assessment under the special statutory system governing the construction and assessment of public sewers in Worcester, Sts. 1867, c. 106; 1871, c. 354; 1939, c. 282, *Parsons* v. *Worcester*, 234 Mass. 108, *Cohen* v. *Price*, 273 Mass. 303; but they contend that, because the actual assessment was made subsequent to the delivery of their quitclaim deed, their failure to pay it did not constitute a breach of the covenant against encumbrances.

We proceed to discuss the clause dealing with encumbrances for if there is a breach of this covenant the plaintiffs are entitled to recover. It was early decided, comparing a sewer assessment to a tax assessment, that a lien attaches to the land as soon as the order for the construction of the sewer is passed by the city council, and to follow those authorities holding that a grantor who conveys free

from all encumbrances after the order and the actual construction but prior to the assessment is liable for a breach of covenant. *Carr* v. *Dooley*, 119 Mass. 294. *Coburn* v. *Litchfield*, 132 Mass. 449. *Hester* v. *Collector of Taxes of Brockton*, 217 Mass. 422. See also *Blackie* v. *Hudson*, 117 Mass. 181; *Maloy* v. *Holl*, 190 Mass. 277, 279. When there is an actual liability for an assessment which subsequently ripens into an actual amount, such liability constitutes a breach of the covenant of the deed at the time it is delivered. *Prince* v. *Boston*, 111 Mass. 226. *Jones* v. *Aldermen of Boston*, 104 Mass. 461. *O'Connell* v. *First Parish in Malden*, 204 Mass. 118. The provision in the deed to the plaintiffs that the conveyance is made subject to a certain sewer location does not relate to the sewer in question.

The deed was in the statutory form and accordingly made no mention of encumbrances "suffered" by the grantors in addition to encumbrances "made" by them. The defendants contend that the liability for the sewer assessment is not an encumbrance suffered by them at the time they conveyed the land to the plaintiffs. They rely upon *Weeks* v. *Grace*, 194 Mass. 296, a case where an easement over part of the premises had been taken by eminent domain and where the taking was not included in the description of the premises purported to be conveyed. Assuming that *Weeks* v. *Grace* represents the law with respect to the effect of an easement obtained by eminent domain, we think it has no application to a sewer assessment lien which the grantor could discharge by payment.

The omission in the short form of the words "or suffered" as they usually appeared in a quitclaim deed was not intended to cut down the liability of the grantor and may be explained by reference to the following sections of G. L. (Ter. Ed.) c. 183: § 9, "For the purpose of avoiding the unnecessary use of words in deeds"; § 11, the effect to be given to the short form of quitclaim deed; and § 17, prescribing the effect to be given to the words "quitclaim covenants" or "limited covenants." Furthermore, the title

of St. 1912, c. 502, from which these sections stem, is "An Act to shorten the forms of deeds, mortgages and other instruments relating to real property." The statute merely prescribes the forms and effect of new instruments and it does not purport to change the substantive law other than as specifically mentioned. The title to a statute may be considered in its construction but its scope is not to be extended or restricted by its title. *Milk Control Board* v. *Gosselin's Dairy, Inc.* 301 Mass. 174. *Charles I. Hosmer, Inc.* v. *Commonwealth,* 302 Mass. 495.

In *Fanger* v. *Leeder,* 327 Mass. 501, 507, it was noted that the omission of the words "or suffered" in the covenant against encumbrances as set forth in G. L. (Ter. Ed.) c. 183, § 17, may not have been without significance. It was not necessary to decide the question in that case and further consideration convinces us that the legislative omission of the words "or suffered" is without significance.

The instant case was submitted to the District Court as a case stated. We reverse the order of the Appellate Division and order judgment for the plaintiffs for the amount claimed by them. *Union Old Lowell National Bank* v. *Paine,* 318 Mass. 313, 315. *Connors* v. *Medford,* 334 Mass. 260, 263–264.

*So ordered.*