## *Northern District*

### No. 5794

### EDWARD J. HARRINGTON, ET UX

### v.

### FRANCIS T. SHEEHAN, ET UX

### October 9, 1963

*Present*: Brooks, P. J., Connolly & Parker, JJ.

Case tried to *Cherry, J.* in the District Court of Southern Essex. Small Claim No. 28744 of 1963.

*Connolly, J.* This case was reported without a finding to this Division by the trial judge of a session of a Small Claims Court where the case was heard on the merits.

It involves the liability for a sewer assessment on a parcel of land (hereinafter referred to as "locus") situated in the City of Lynn.

The pertinent facts are as follows:

On *September* 24, 1957, the locus was

owned by the defendants. On that date, the Lynn City Council voted that a common sewer be constructed along a highway which abuts the locus and an order for the construction of the sewer was recorded in the Registry of Deeds on September 30, 1957.

By quitclaim deed dated *February* 27, 1962 and recorded March 1, 1962, the defendants conveyed locus to the plaintiffs.

On *March* 11, 1963, the City of Lynn issued a sewer assessment on the locus billing both the defendants and the plaintiffs in the amount of $70.00 as follows:

> "To Francis T. Sheehan, 132 Lynnfield Street, Lynn, Massachusetts, new owner, T. Harrington, Belliveau Drive, $70.00 and further states, "interest commences April 11, 1963."

Neither party had actual knowledge of the sewer assessment before March 1963.

The case of *Engel v. Thompson,* 336 Mass. 529 is directly in point. There it is stated at page 530:

> "It was early decided, comparing a sewer assessment to a tax assessment, that *a lien attaches to the land as soon as the order for the construction of the sewer is passed by the City Council* (emphasis supplied) and to follow those authorities holding that a grantor who conveys free from all incumbrances after the order and the actual construction but prior to the assessment is liable for a breach of covenant."

The date of the actual construction of the

sewer in question is not contained in the report. However, we do not consider this essential. The order for the construction of the sewer constituted an incumbrance "suffered" by the defendants. The quitclaim deed of the defendants carried the covenant that the locus was free from incumbrances made or "suffered" by them. Since this covenant was breached, the defendants are liable to the plaintiffs for the amount of the assessment.

Arthur J. Frawley, of Lynn, for the Plaintiffs.
Ashley W. Rice, of Lynn, for the Defendants.