## KOHFELDT et al. v. CITY OF DENISON et al.

### No. 11116.

Court of Civil Appeals of Texas. Dallas. Feb. 25, 1933.

Rehearing Denied March 25, 1933.

John T. Suggs, of Denison, for appellants.

Hamp P. Abney, of Sherman, for appellees.

BOND, Justice.

This suit is one involving the validity of a paving lien and its priority over a pre-existing vendor's lien on certain real estate in the city of Denison, Grayson county.

On November 14, 1921, by ordinance, the city council of Denison determined that a necessity existed for improving West Morton street, and to secure the payment of such improvement, a lien was created on the abutting property and against the owners thereof. At that time, Franz Kohfeldt was the owner and in possession of lot No. 8 in block No. 8, Stevens addition to the city of Denison, and said property abutted on said street. On December 1, 1921, Kohfeldt executed a deed to the property to Jim Young, and in said deed the vendor retained a lien on the property conveyed, to secure notes given as part of the purchase money, and, in addition thereto, Jim Young executed a deed of trust to secure said notes. The deeds were not recorded until February 22, 1922. In the meantime, the city council passed successive ordinances and entered into a contract with the Kaw Paving Company, in furtherance of said improvement, the completion of the assessments, the issuance of the certificate involved in this suit, for the payment thereof, and created a paving lien against the abutting property, and against the record owners thereof. All notices in reference to said improvements and the assessments were in the name of Franz Kohfeldt, and all of such notices were served on him. On May 31, 1922, Jim Young, the then owner of the property, entered into a written contract with the Kaw Paving Company, in which he acknowledged the regularity of the ordinances of the city council, in compliance with the terms of chapter 11, title 22, R. S. 1911, and the charter of said city; waived any invalidity in reference to the assessments, and obligated himself to pay the certificate provided by said ordinances. The

said contract specially provided that, This instrument· is collateral to. and cumulative of said assessment and certificate issued thereon."

By virtue of said ordinances and other proceedings incident to and in furtherance of the improvement and assessments, lien, and liability, said city council, on August 14, 1922, issued to the Kaw Paving Company the special assessment certificate involved in this suit, in the sum of $333.74, against the said property and against Jim Young, the owner. Said certificate was made payable to said paving company in five equal installments: One within one day after the 1st day of September, 1922, and the other installments on or before September 1, 1923, 1924, 1925, and 1926, respectively, together with 8 per cent. interest per annum, payable annually, on said installments from September 1, 1922, and with a reasonable· attorney fee.

On May 7, 1927,· in default of payment of the vendor's lien, and under the terms of the deed of trust, Franz Kohfeldt repossessed the property in trustee's sale, and thereafter conveyed it to Palmer Harbert, who is now the owner. This suit was instituted on September 15, 1926, by the city of Denison and for the benefit of the Kaw Paving Company, the owner and holder of said certificate, against Jim Young, Franz Kohfeldt, Palmer Harbert and his wife, Juanita Harbert. Appellant answered and denied the superiority of the paving lien, pleaded the two and four-year statutes of limitation, and ·by special pleas sought its cancellation. The trial in the district court resulted in a judgment for appellees against Jim Young, for the debt represented by the certificate, and against Jim Young and appellants, for a foreclosure on the property, decreeing the superiority of the paving lien over the vendor lien above mentioned. Appellants appealed.

At the time the initial ordinance was passed, November 14, 1921, ordering the improvement and declaring a lien on the abutting property, to secure its payment, Franz Kohfeldt was the owner and in possession of the property. He knew, at the time he conveyed the property to Young, thereby bringing into existence and reserving unto himself the vendor's lien, the improvement had been ordered, and the assessment and lien were in process of being created on the property. He had actual and constructive notice of the initial step taken by the city of Denison. The initial step is just as essential to the validity of the paving lien as any other ·requirement of the statute. The conveyance to Young, above mentioned, could not interrupt the improvement ordered, or impair the lien created. The lien was created against the property when the initial ordinance was passed. The succeeding requirements of the statutes—notices, assessments, contract, and certificate—are necessary prerequisites for the completion of the lien, which was brought into existence and attached to the property by the initial ordinance. Highland v. City of Galveston, 54 Tex. 527; Storrie v. Houston City Street Ry. Co., 92 Tex. 129, 46 S. W. 796, 44 L. R. A. 716.

In the case of Anderson et al. v. Brandon et al. (Tex. Sup.) 47 S.W.(2d) 261, 263, a purchaser acquired property after the initial ordinance was passed by the city commission. Our Supreme Court said: "Neither can one who has purchased the property from plaintiffs in error sustain any injury by reason of the paving lien relating back to the date of the passage of the original resolution ordering the street improvement in front of this property. Such purchaser necessarily acquires the same with notice that a lien will be fixed against such property for the cost of the proposed improvements, to the extent that said property is benefited by reason thereof. In some jurisdictions it is held that such paving liens relate back to the date of the resolutions ordering the improvements, even though the law under which such improvements were made contained no relating back provision. [Citing authorities.]"

In the case of Whitham & Co. v. Gambrell (Tex. Civ. App.) 48 S.W.(2d) 347, 348, is a situation very much like that in the instant case. The court said:

"The judgment of the trial court was evidently based on the theory that L. Kertz was not the owner, in view of the fact that he had contracted with Gambrell to sell to him the lot in 1925, prior to the enactment of the ordinance and the assessment levied, as shown in our statement of the evidence. So that we have only to determine whether or not he was, within the contemplation of the law, such owner upon the 8th day of March, 1926. In the case of Highland v. City of Galveston, 54 Tex. 527, it was held by our Supreme Court that the cost of improving a sidewalk attaches to the lot in the possession of any party having an interest therein. In 6 Words and Phrases, First Series, p. 5135, we find a number of definitions of the term 'owner.' We quote but one, to wit: 'By statute the term "owner," with respect to condemnation proceedings, is defined to mean all persons having any interest, estate, or easement in the property to be taken, or any lien, charge, or incumbrance thereon, citing In re Opening of Oneida St., 22 Misc. 235, 49 N. Y. S. 828.'

"And the question would seem to be concluded by the recent decision of our Commission of Appeals, Section B, in the case of Nalle v. Eaves, 5 S.W.(2d) 500, 501. In that opinion, Judge Leddy had this to say: 'It has been repeatedly held that the word "owners," when used in special assessment, eminent domain,

or condemnation statutes, embraces the holders of every kind of lien, claim, or equity in the property involved,' citing in support thereof numerous cases.

"The contract of sale to J. L. Gambrell on the 27th day of June, 1925, did not divest the title of Kertz. Not only by our decisions but by the terms of the contract itself the legal title was reserved in Kertz to secure the payment of the purchase money in accordance with the terms of the contract."

■ All of the proceedings, with reference to making said improvements, are regular and in compliance with the terms of chapter 11, title 22, supra, and the charter of said city. No homestead being involved, Young, the owner of the property, was privileged to execute the contract above mentioned, in which he waived any invalidity in the proceedings, acknowledged the regularity of the assessments, and obligated himself to pay the certificate and to have the contractual obligation cumulative of and collateral to the statutory obligation, thus contracting while the debt created by statute was in esse, same must be construed together, and the rights of the parties must be determined by their contractual obligation in connection with their statutory obligation, and the statute of limitation applying to an action of debt created partly by statute and partly by contract. Article 5529, R. S., fixes four years as the period applicable for "every action other than for the recovery of real estate, for which no limitation is otherwise prescribed"; and article 5526, subd. 4, fixes two years as the period applicable for "actions for debt where the indebtedness is not evidenced by a contract in writing." The paving debt is a statutory liability to pay the lien created, and is one to which the two-year statute of limitation would apply. However, the owner of the land, Jim Young, having executed a written obligation, cumulative of and collateral to the statutory obligation, in our opinion, tantamounts to extending the period of limitation, and is an action for debt evidenced by a contract in writing, to which the four-year period is applicable.

■ It has been decided by the courts of this state that a purchaser of land charged with a lien to secure a debt is entitled to assert against the holder of the lien the statute of limitations barring the debt. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co. v. Strawn, 93 Tex. 48, 53 S. W. 342. The paving lien was created at a time when appellant Kohfeldt owned the property and at the time he held the superior title, being the vendor, retaining an express lien for unpaid purchase money, and repossessed the record title by a transaction subsequent to the creation of the paving lien. He was therefore invested with all the rights of the obligor in invoking the statute of limitations.

■ We conclude that the paving lien holds priority over the vendor's lien, and that the trustee's sale of the property to appellant Kohfeldt, under the deed of trust, and the subsequent sale to appellant Harbert, was affected by the lien; that the installment due on September 1, 1922, is barred by the four-year period of limitation. The learned trial court erred in rendering judgment decreeing a foreclosure as to the said installment and interest thereon, and as to that, the judgment of the court below is reformed, by deducting the sum· of $66.74 and 8 per cent. interest thereon from September 1, 1922, and as reformed the case is affirmed. All costs on this appeal taxed against appellees.

Reformed and affirmed.

On Motion to Correct Fact Findings.

■ Appellants assail our fact findings in our original opinion wherein we said, "At that time [November 14, 1921], Franz Kohfeldt was the owner and in possession of lot No. 8 in block No. 8, Stevens addition to the city of Denison, and said property abutted on said street," and petition that we withdraw said findings and find that Jim Young, at that time, occupied the property and was in possession thereof. We have again reviewed the record as presented and find: (1) An agreed admission of the parties, i. e., "prior to December 1, 1921, Franz Kohfeldt was the owner and was in possession of Lot #8 in Block #8 of Stevens Addition to the City of Denison, Grayson County, Texas," and (2) the testimony of Franz Kohfeldt, i. e., "the initial transaction between myself and Jim Young was, the lot was bargained for by what we call a sales contract, on November 23, 1918. * * * Immediately after the trade, he moved on this place. I made the trade in 1918. During the time that he was paying on it, from then on till the deed was made and later, he rented a part of the house and lived in a part of it, two houses on the place, and he occupied the location at that time, and was still occupying it at the time I made the deed to him and continued to occupy it for some months afterward."

We conclude, from the said admission and testimony, that appellant Franz Kohfeldt was the owner of the property and in possession thereof on November 14, 1921, and whatever possession Jim Young held by his occupancy as a tenant was the possession of Franz Kohfeldt through said tenancy.

Appellants' motion to withdraw from our opinion the said fact finding, and to correct our conclusion to show that Jim Young was in possession and occupancy of the property, is overruled.