## CONTINENTAL SOUTHLAND SAVINGS & LOAN ASS'N v. PANHANDLE CONST. CO.

### No. 4315.

Court of Civil Appeals of Texas. Amarillo. Nov. 26, 1934.

Rehearing Denied Jan. 7, 1935.

McWhorter & Howard, of Lubbock, for appellant.

Rob't. A. Sowder, of Lubbock, for appellee.

JACKSON, Justice.

This is an appeal by the Continental Southland Savings & Loan Association from a judgment obtained by the Panhandle Construction Company decreeing the paving lien held by appellee superior to the deed of trust lien held by appellant on certain real estate situated in the city of Lubbock.

No statement is made of the disposition in the judgment of the other defendants as none of them complain.

The appellant contends that as to it the judgment is fatally erroneous because the appellee did not allege that the contract for paving the property involved was let on sealed competitive bids nor that the "final levy of the assessment was made by ordinance," both of which are conditions prerequisite under the charter of Lubbock in order to create a lien against property for paving.

Relative to this contention, the petition, in substance, alleges: That the city of Lubbock is incorporated under the Home Rule Bill with authority to improve its streets and to assess portions of the cost against the property and the owner thereof. That on May 10, 1929, the city, by order and resolution, determined the necessity for paving the street abutting the property in controversy and to assess a portion of the cost against the property and the owner, who was J. B. Morrisett. That plans and specifications for such improvements were filed and adopted, due notice was given to the owner, and on August 26th a hearing was had, and on evidence the city determined that the improvement would enhance the value of the property in an amount equal to the cost assessed against the property for paving. That on July 25, 1929, the city contracted with appellee to improve the street abutting the property involved according to the plans and specifications and the contract provided that the city would issue for the cost assessed against the property an assignable certificate which should stipulate that all of the prerequisites to fix a lien on the property and the personal liability of the owner had been performed. That appellee completed the paving, which was accepted by the city, and an assignable certificate issued containing all the terms and stipulations required in the contract and all the provisions necessary to make the certificate prima facie evidence that the necessary prerequisites had been complied with, and thereby appellee obtained a first and valid lien on said property.

The appellant filed a general demurrer to appellee's petition, but secured no ruling thereon in the trial court.

"The rule in this state is that a demurrer to a pleading, though filed, not called to the attention of the trial court, and acted on, is waived." Rhoads v. Bonner et al. (Tex. Civ. App.) 49 S.W.(2d) 502, 505. See, also, Scott v. Lewis (Tex. Civ. App.) 49 S.W.(2d) 515; Employers' Liability Assurance Corp., Ltd., v. Neely (Tex. Civ. App.) 60 S.W.(2d) 836.

"General demurrer was pleaded, but it was not presented and given disposition. Hence, it was waived. Indiana & Ohio Live Stock Ins. Co. v. Smith (Tex. Civ. App.) 157 S. W. 755, and cases therein cited. The question (of insufficiency of the petition) is raised after verdict and judgment, and, so, at a time when all that is possible must be presumed in aid

of the pleading." Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533.

Section 6, art. 1105b, Vernon's Ann. Civ. St., among other things, provides: "If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required. In any suit upon any assessment or reassessment in evidence of which a certificate may be issued under the terms of this Act it shall be sufficient to allege the substance of the recitals in such certificate and that such recitals are in fact true, and further allegations with reference to the proceedings relating to such assessment or reassessment shall not be necessary."

■ The suit having been based on a certificate containing the provisions required by this statute, under the conditions of this record, the allegations were, in our opinion, sufficient to authorize a judgment in favor of appellee.

■■ The appellant presents as error the action of the trial court in rendering judgment against it non obstante veredicto.

The record shows that J. B. Morrisett purchased the property in June, 1928, subject to the debt and lien asserted by appellant, and that he was the owner of such property at the time appellee's lien was fixed thereon.

Under the provisions of the charter, the paving lien of appellee was effective from May 10, 1929, the date the city by resolution determined the necessity of paving the street abutting said property, provided the city complied with the other statutory requirements for fixing the lien. Anderson et al. v. Brandon et al., 121 Tex. 188, 47 S.W.(2d) 261.

The appellant alleged that the lien of appellee was invalid because "at the time of the purported assessment * * * the property in question was the homestead of one J. B. Morrisett and his wife; that the said J. B. Morrisett and family were residing thereon, occupying the same, using and enjoying it openly and notoriously as their homestead."

The only issue submitted on the homestead question was as follows: "On what date do you find that J. B. Morrisett moved with his family into the house located on the property involved in this case?" To which the jury answered: "May 9, 1929."

Notwithstanding this finding of the jury, the court entered the judgment of which appellant complains.

The appellee contends appellant did not plead that the property was a homestead on May 10, 1929, the day the paving was ordered, which was the date of the inception of its lien, because the allegation that "at the time of the purported assessment sued on" the property "was the homestead of J. B. Morrisett and wife" did not cover the date on which, under the law, the lien attached; hence such allegation furnished no basis for a judgment on the verdict and the court correctly entered the judgment non obstante veredicto.

The law is settled that: "Courts have no more power, until their action is called into exercise by some kind of pleading, to render a judgment in favor of any person than they have to render judgment against a person until he has been brought within the jurisdiction of the court in some method recognized by law." Dunlap v. Southerlin, 63 Tex. 38. See, also, Automobile Finance Co. v. Bryan (Tex. Civ. App.) 3 S.W.(2d) 835, and authorities cited.

The certificate of assessment sued on is dated October 15, 1929, and recites, in substance, that by virtue of an ordinance passed by the city commission on the 26th day of August, 1929, and other proceedings of said body, there was levied an assessment against the property here involved for the sum of $330.60, and by said ordinance and proceedings the assessment was declared a first and paramount lien upon said property.

The word "assessment" has several meanings, and should be construed in connection with the context, and, as used in appellant's answer, cannot be limited to any one of the several acts required of the city to fix a paving lien on the property, but includes all the acts made necessary by the charter and the law in order to make the lien effective. State v. Farmer, 94 Tex. 232, 59 S. W. 541; 5 C. J. 816, § 94. The certificate itself discloses that the assessment was based not on one act, but on the proceedings of the city commission of the city of Lubbock. This assignment is sustained.

■■ Neither party, though each requested it, was entitled to a directed verdict. The property had been occupied from the date J. B. Morrisett acquired it by his tenants. He, with his family, maintained a home on other

property which he continued to own after moving into the house on the property in controversy. Since he could not claim two residential homesteads, these facts, with other circumstances, present an issue of his intention on May 10, 1929, even if he moved on the property on May 9th, as found by the jury. The issue of intention was not submitted or requested, and, inasmuch as Morrisett was an interested witness, the evidence is not so conclusive thereon as to authorize us to render judgment for appellant.

The judgment of the court as therein disclosed was based on the ruling "that there is no pleading on the part of said defendant that the property in question was the homestead of the said Morrisett at the incidence of plaintiff's lien and that therefore issue No. 1 submitted to the jury was immaterial." Under this ruling no judgment could have been rendered for appellant, if the testimony had established and the jury had found on all issues necessary to establish the defense of homestead.

The judgment is reversed, and the cause remanded.