## THURBER BRICK CO. v. COX et al.
### No. 1380.

Court of Civil Appeals of Texas. Eastland.

Feb. 15, 1935.

Rehearing Denied March 15, 1935.

Oxford & McMillan, of Stephenville, for appellant.

Hiner & Pannill, of Fort Worth, and Chandler & Chandler, of Stephenville, for appellees.

LESLIE, Justice.

The Thurber Brick Company, a corporation, filed this suit against Jess Cox and others to recover on a paving certificate issued by the city of Stephenville for paving of Frey street in front of lot 2, block 2, of the Kight's Second addition to the city of Stephenville. At the time of the paving the lot was owned by C. H. Colvin, one of the defendants, and the certificate was issued to Texas Pacific Coal & Oil Company, and transferred by it to the plantiff. Colvin made default, but the defendant Cox answered setting up, among other defenses, an alleged superior lien against the property, and the two and four years' statute of limitation (Vernon's Ann. Civ. St. arts. 5526, 5527). The trial was before the court without a jury. At the conclusion of the testimony, judgment was rendered in favor of the plaintiff for the amount of the last three installments of the paving debt, together with a foreclosure of the lien on the lot as against both Colvin and Cox. The first three installments were held to be barred by limitation, and as to Cox, foreclosure thereon was denied plaintiff. The plaintiff appeals, and the defendant Cox cross-assigns error.

The circumstances out of which the lawsuit developed are substantially as follows: The Stephenville State Bank formerly lent C. H. Colvin $1,500 with which he purchased said lot. He executed his note to the bank for that amount, together with a deed of trust on the lot dated December 15, 1927. The note and deed of trust lien were later renewed between the parties by three notes aggregating about $1,800. These three notes and the deed of trust lien were regularly assigned by the bank to the appellee Cox on March 14, 1930. Prior to that date the city council of Stephenville passed an ordinance (July, 1929) assessing the cost of paving the street in front of said lot against same, and the assessment certificate in suit was issued in evidence thereof November 5, 1929. The certificate was for the sum of $717.96, due in six installments. Under Article 1090, Vernon's Ann. Civ. St., this paving obligation and lien became a charge against the lot, superior to the lien created by said deed of trust.

Nothing was paid on either indebtedness above set out, and while the legal status of each remained the same—except for the effect, if any, of the lapse of time—said C. H. Colvin, owner of the lot and obligor in the certificate, agreed, in writing, on September 22, 1933, with the owner of the certificate to extend the time of the payment of the same, and the indebtedness evidenced thereby, to November 5, 1933. This original indebtedness of $717.96 fell due in six installments of $119.66 each, the first, December 5, 1929, the second November 5, 1930, and one each year thereafter on November 5th, the last falling due November 5, 1934. On September 27, 1933, just five days after the above extension agreement, C. H. Colvin conveyed the said lot by warranty deed to defendant Jess Cox as a settlement in full of the original indebtedness of $1,500, which, as before stated, had been renewed and extended on December 31, 1929, when said Colvin executed in renewal thereof the three notes, two for $500 each, and one for $821.29. When Cox accepted this deed, he had no knowledge, actual or constructive, of the above extension agreement, and the latter was not recorded until the 15th day of February, 1934.

Summarizing, the original debt and lien to the bank were created December 15, 1927. The certificate evidencing the paving obligation and lien issued November 5, 1929. Thereafter, Cox purchased the bank note and lien on March 14, 1930, becoming the owner of the indebtedness secured by lien second to the said statutory lien securing each and all of the installments constituting that obligation. The conveyance of the lot from Colvin to Cox September 27, 1933, was by deed of general warranty, but contained this langage: "except from this warranty taxes, state, county and school district, or any outstanding paving assessments." There is no homestead question in the case, and the trial court's judgment, upon the facts disclosed, is under attack by the appellee, as well as the appellant.

By different assignments, the appellant makes the contention that the court erred in holding, under the facts stated, that the statutory lien created by the assessment and evidenced by the paving certificate could not be extended by the holder of the debt and lien and the party obligated to pay the debt; that the court erred in holding that the extension agreement changed the statutory paving lien to a contract lien without the statutory preference right given the paving lien. Upon these propositions the appellant claims it should have had a judgment for the entire paving debt with foreclosure of its lien on the lot as against both Cox and Colvin.

The appellee, by his cross-assignments, attacks that part of the judgment in favor of the plaintiff for $423.57, principal and interest of the last three installments, plus $100 attorney's fees, etc. It is the appellee's contention under the above facts that the court erred in holding that the appellant's alleged lien securing these last three installments is superior to the lien of the appellee Cox; that appellant should have had no foreclosure in any event without first paying the debt held by Cox against the property. In other words, the appellee's contention is that the appellant's rights to a foreclosure are to be determined by the extension agreement, which in itself is nothing more than a contract between the parties, junior and inferior, to the original lien obtained by Cox from the bank, and that said extension agreement did not carry with it or renew the lien securing the paving debt, or the amount covered by the above judgment, and did not have the effect of extending the priority rights given by the statutes to the paving lien.

It appears that the proper answer to the appellant's contention is likewise an answer to the contentions of the appellee. As noted, Colvin's deed of September 27, 1933, to Cox excepted from the general warranty "outstanding paving assessments." The extension agreement made five days theretofore between Colvin (owner of the lot and obligor in the certificate) and Texas Pacific Coal & Oil

Company (owner of the paving debt and lien) stipulated for an extension of "installments Nos. one to six of said obligation * * * to become due and payable on or before November 5, 1933." Among other provisions in that contract, Colvin confirmed "the obligation of which said certificate and any renewal thereof is evidenced and granted to said company, a lien upon said property in addition to the lien provided by law to secure the payment of said obligation," etc. In the pleadings the original lien was asserted, but the plea of limitation of two and four years by the defendant Cox brought forth the plaintiff's first amended petition, setting up the extension agreement above set out.

██ Under the facts of this record, could the superior paving lien and the obligation secured by it be extended at the time it was and in the manner indicated, so as to retain its preference nature over the lien owned by Cox and acquired by him from the bank? If it can be, it was so extended, and the plaintiff would be entitled to a foreclosure against both Cox and Colvin of the lien securing the six installments of the paving debt, rather than for the last three only. After a careful consideration of the assignments and cross-assignments, we reach the conclusion that there were no legal obstacles which would prevent the owner of the lot (the obligor in the certificate) and the owner of the paving obligation and its lien from making the extension agreement, the effect of which was, and is, to extend and perpetuate the statutory superior lien. Such was the holding of the Dallas Court of Civil Appeals in Kohfeldt v. City of Denison, 58 S.W.(2d) 549, 551. The case is in point. There, as here, the property owner made a contract in effect cumulative of the statutory paving obligation, and it was held that the rights of the parties—pleas of two and four years' limitation being interposed—must be determined by the contractual obligation in connection with the statutory obligation creating and fixing the lien. The paving lien as affected by the contract was there held to have been extended by the agreement of the parties, their rights under the limitation pleas were adjudicated upon the basis of four years' limitation, and the statutory superiority of the paving lien over a prior vendor's lien was preserved perforce of the agreement.

After calling attention to the fact that the two-year period of limitation applied to a paving debt, or installments thereof, the court in the above case said: "However, the owner of the land * * * having executed a written obligation, cumulative of and collateral to the statutory obligation, in our opinion, tantamounts to extending the period of limitation, and is an action for debt evidenced by a contract in writing, to which the four-year period is applicable."

We think that authority applied a correct rule applicable to the facts and circumstances of this case. It is supported by sound reason. The statutes creating paving obligations and liens are doubtless construed strictly (28 Tex. Jur. p. 16; McClellan v. Haley [Tex. Civ. App.] 237 S. W. 627); but such statutes have been declared constitutional, and the decisions hold that the statute of two years' limitation is applicable to a paving debt or installments thereof. We find no statutory inhibition to the extension by the interested parties of the paving debt and lien with all its statutory preference rights. Under the facts of this case, the extension contract should not have the effect to destroy the paving lien, its superiority, or automatically reduce the same to a lien second or inferior to that held by the appellee Cox. We find no authority giving the agreement such effect, nor have we been cited to any. If such is the effect of an extension agreement, as claimed in the cross-assignments, it might easily operate to the disadvantage of the property owner, as well as the certificate holder, each of whom may from necessity or good business reasons find it expedient or necessary to extend such obligations. It would seem that they should have the power to extend the lien, rather than be forced to sue and foreclose, regardless of circumstances, before the running of limitation. Especially would it seem reasonable that they should have the power to do so, without forfeiting preference rights under the circumstances of this case, since the undisputed facts are that the appellee Cox purchased the original notes and finally took the title to the property, knowing he was in a position of a second lienholder, acquiring such lien at a time when no installment of the paving debt had been due more than two years.

Of course, Colvin and the owner of the paving lien could not in the first instance, or at the time of the extension agreement, as an original proposition, create a contract lien superior to the lien held by Cox; but that is not the situation as we view it. Here the paving debt and lien was already in existence. The contract of extension did not create the lien, but merely confirmed it and extended it in its position of superiority.

For the foregoing reasons, the personal judgment against C. H. Colvin for $1,114.66, with interest thereon at the rate of 8 per cent. per annum, from March 21, 1934, till paid, and the attorney's fee of $150, is affirmed. That part of the trial court's judgment decreeing that "plaintiff's lien as it existed on the 5th day of November, 1929, be and the same is hereby foreclosed on the above-described property against the defendant C. H. Colvin, and the defendant Jess Cox, insofar as it secures payment of the sum of $423.57, principal and interest and $100.00 attorney's fees," is reformed, and it is the judgment of this court that the plaintiff's lien as it existed on the 5th day of November, 1929, and as extended by the agreement to that effect, be and the same is hereby foreclosed on the above-described property against the defendant C. H. Colvin and the defendant Jess Cox for the amount of $1,114.-66 with 8 per cent. interest thereon from March 21, 1934, together with an attorney's fee of $150. As reformed the judgment of the trial court is affirmed.