**CUCHIA et al. v. HEBERT.**

No. 3546.

Court of Civil Appeals of Texas. Beaumont.

Nov. 8, 1939.

Rehearing Denied Nov. 15, 1939.

W. O. Bowers, Jr., of Beaumont, for appellant.

Lipscomb & Lipscomb, of Beaumont, for appellee.

O'QUINN, Justice.

This is a paving lien suit filed August 25, 1934, by appellee, B. C. Hebert, against A. Cuchia, T. S. Reed Grocery Company, and appellant, E. R. Hicks. Cuchia failed to appear and answer, the Reed Grocery Company filed a disclaimer, leaving the contested issues between Hicks and Hebert.

Hebert sued to collect the amounts due upon two paving lien certificates issued on December 29, 1931, by the City of Beaumont to Scott Shambaugh, paving contractor, one against lot 1 and the other against lot 2 in block 19 of the Blanchett First Addition to the City of Beaumont, against A. Cuchia, the then owner of the lots. On January 2, 1932, Scott Shambaugh transferred said certificates and paving liens to appellee Hebert. The certificates were payable in five equal installments evidenced by five coupons, the first due and payable in thirty days from date, the second one year from date, the third two years from date, the fourth three years from date, and the fifth four years from date.

The City ordinance directing the improvements was passed August 11, 1931. The ordinance accepting the work and making the assessments and fixing the statutory liens was passed December 29, 1931, the date of the certificates. The ordinance provided for payment of the paving on the date of the completion and acceptance of the work, and further provided that if the owner of the property had contracted privately he might make deferred payments accordingly, but did not prescribe the number nor the amount of deferred payments nor the times when said deferred payments should be made. Cuchia, the owner

of the property, had so contracted with Shambaugh, the contractor for the right of making deferred payments, in the number above stated. This contract was approved by the City.

On February 25, 1929, A. Cuchia and his wife executed a deed of trust on the two lots in question, with other property, to secure the payment of a note in the sum of $10,000, payable to appellant Hicks. Hicks foreclosed his deed of trust, the lots were sold and bought in by him on August 2, 1932.

The case was tried to the court without a jury. Judgment by default was rendered against A. Cuchia for $667.36 being the amount due on the paving certificates with interest and attorney's fees, and for foreclosure of the paving liens on said two lots, against all parties defendant, and adjudging the costs, excepting the costs incurred by T. S. Reed Grocery Company, against A. Cuchia and E. R. Hicks, jointly and severally. Appellant Hicks thereupon excepted to said judgment and gave notice of appeal to this court.

There are no fact issues involved.

■ Appellant's first assignment is that "An existing deed of trust lien on city lots is superior to a mechanic's lien subsequently granted thereupon by the owner of the lots to a contractor for street paving abutting thereon, and said mechanic's lien cannot be made superior to the deed of trust lien by city ordinance and the issuance of paving assessment certificate for such paving costs".

The assignment is overruled. Article 1090, R.S.1925. Thurber Brick Co. v. Cox, Tex.Civ.App., 80 S.W.2d 435, writ refused; Kohfeldt v. City of Denison, Tex.Civ. App., 58 S.W.2d 549. Appellant, in his argument under his third assignment, relating to the question of limitation, so admits—he says:

"Appellant makes no contention that the paving lien created by the ordinance of December 29, 1931, and payable on that date, was not superior to his prior deed of trust lien, under Article 1090 Revised Statutes of 1925. No contention is made that any of the proceedings in connection with the fixing of said paving lien were irregular. It is contended that, on the face of the ordinance, the date fixed for the payment of the paving costs was December 29, 1931, and that appellee's suit to collect said paving costs having been filed on Au-

gust 25, 1934, is barred by the two-year statute of limitation."

■ The effect of the second assignment is that the city ordinance did not expressly provide the terms of the contract authorized to be made by Cuchia, the property owner, and Shambaugh, the paving contractor, as to the number of deferred payments contracted for and the amounts and times of payment, and so his deed of trust lien was not subordinate to the paving lien. This assignment is overruled. The ordinance providing for the paving contained the following:

"The sum of money hereby assessed against abutting and railway property and the respective owners thereof, shall become due and payable (except as hereinafter stated) as of the date of the completion of said work and the acceptance thereof by said City as evidenced by a resolution of acceptance, and if said assessments are not paid at said time, they shall bear interest from such date until paid at the rate of seven per cent (7%) per annum, payable annually as it accrues."

"Provided, however, that if the owners of any of said respective parcels of property shall have contracted with the contractor making said improvements for the privilege of paying said assessments on the deferred payment plan, then said respective assessments shall mature at the times and in the manner provided for in the contracts, etc".

It is seen that the ordinance providing for the improvements did contain the very matters complained as omitted. In exercise of this privilege of contracting for delayed payments, Cuchia, on September 23, 1931, entered into a written contract with Shambaugh, the paving contractor, wherein he agreed "to pay at Beaumont, Texas, to Scott Shambaugh, his successors or assigns, whatever sum shall be ascertained to be the prorata share of the cost of said improvements, according to and under the terms of said resolution and ordinances and the said contract and the Charter of said City * * * the principal amount so ascertained shall be paid * * * in five equal installments, each becoming due and payable from and after the date of acceptance of said work by the City, the first in 30 days, the second in one year," etc. The City approved this contract.

The paving was completed and was accepted by the City on December 29, 1931.

Cuchia's contract with Shambaugh for delayed payments was approved by the City on said date. On the date of the contract with Shambaugh, Cuchia executed to him a voluntary lien on the property involved to secure the payments provided for, in which the number, amounts and times of payment of the several installments were specifically set out. The paving certificates issued by the City for said work were duly delivered to Shambaugh, and on January 2, 1932, were transferred in writing by Shambaugh to appellee Hebert, and the transfer duly placed of record in the M. & L. Records of Jefferson County, Texas.

▪ The third assignment asserts that the action being for the cost of paving, the ordinance providing that the date of the acceptance of the work by the city should be the date of payment for the costs of paving, and the work having been accepted by the city on December 29, 1931, thus making the costs of the paving due on that date, and appellee Hebert having filed this suit for judgment on the debt and for foreclosure of the paving liens, on August 25, 1934, the action was barred by the two years' statute of limitation, and the court erred in rendering judgment for appellee. This assignment is overruled. The initial resolution ordering the paving was adopted August 11, 1931. The work was awarded to Shambaugh September 8, 1931. The amount of the assessment of the costs of paving was fixed by the ordinance December 29, 1931. After the paving lien thus attached, August 11, 1931, the property owner, Cuchia, entered into a written contract with Shambaugh September 23, 1931, reciting the proceedings to secure the assessment lien on the lots in question under Shambaugh's contract with the City, and obligating himself to pay to Shambaugh and his assigns the very debt so secured, described in the contract as "whatever sum shall be ascertained to be the prorata share of the costs of said improvements in front of said premises, according to and under the terms of said resolutions and ordinances and contract and the Charter of said City * * *." Thus Cuchia contracted in writing to pay the debt in accordance with the requirements of the ordinance for the paving, and at the same time secured for himself an extension of the terms of payment as authorized to do by the ordinance and charter. This contract takes the case out of the two years' statute and places it under the four years' statute, Article 5527, R.S.1925. The two years' statute not applying, it is seen that the action was brought less than four years after the due date, December 29, 1931, the suit being filed August 25, 1934. Kohfeldt v. City of Denison, Tex.Civ.App., 58 S.W. 2d 549, 551; Thurber Brick Co. v. Cox, Tex.Civ.App., 80 S.W.2d 435, 437, writ refused.

No error appearing, the judgment is affirmed.