

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 31, 1958

Mr. W. J. Cutbirth, Jr.,
Game and Fish Commission,
Austin 14, Texas

Dear Mr. Cutbirth:

Opinion No. WW-357.

Re: Authority of the Game and Fish
Commission to construct a small
field laboratory on Federally-
owned property licensed to the
Game and Fish Commission.

You have requested an opinion from this office concern-
ing the legality of the proposed construction by the Texas Game
and Fish Commission of a small laboratory building on a tract of
land owned by the Federal Government and held by the Game and
Fish Commission under a twenty-year license at will.

According to the facts, the Game and Fish Commission
obtained possession of this land under a license from the Federal
Government on October 11, 1946. At the time the Commission ac-
quired possession of this property, there was located on the
tract of land a small house which was used by the Commission
for a laboratory in connection with marine biological research
on Lake Texhoma. Flood waters during the Spring of 1957 damaged
this building, and the Game and Fish Commission at present plans
to replace this original building with another small building to
be used for the same purpose.

The license granted to the Game and Fish Commission is
for a period of twenty (20) years from October 11, 1946. The
license is revocable at will by the Secretary of War. The prop-
erty is to be used by the Game and Fish Commission as an official
headquarters for Game Wardens and other official activities.
The tract of land is adequately described in the license agree-
ment. This license also provides that no liability shall accrue
to the United States government because of the use of such facil-
ities by the Commission, and that the use of such facilities is
to be under the supervision and approval of the District Engineer.
The license also grants authority to the Game and Fish Commission
to construct such buildings and other structures as it may deem
necessary. Further provisions are contained in the license
which exempt the United States from any liability for the activi-
ties performed on the land by the Game and Fish Commission, and
a right of ingress and egress is reserved to the United States

for the purpose of removing timber and such other purposes as
the United States may deem necessary. We also note that this
land is subject to being flooded by the United States Govern-
ment without liability. A final provision of the license pro-
vides that upon the expiration of the term of the license, or
upon its relinquishment by the Game and Fish Commission "all
property of the licensee" may be removed by the Game and Fish
Commission, and in the event the license is cancelled by the
Secretary of War, said property must be removed within the
time prescribed by the Secretary in such act of revocation.
If the property is not removed within such period, it shall
become the property of the United States Government, or in the
alternative, the Secretary of War may cause the property to be
removed at the expense of the Game and Fish Commission.

This office has previously held, in Attorney General's
Opinion No. 0-6935 (1945), that the Game and Fish Commission has
authority to erect buildings to house laboratory facilities
under the provisions of Article 4030, Vernon's Annotated Civil
Statutes. This statute provides for the making of scientific
investigations and surveys of the marine life of the State for
the better protection and conservation of same. We believe
that the power to construct laboratory buildings is a necessary
power incidental to the right to make scientific investigations
and surveys as provided in Article 4030, supra, and is a reason-
able power to be implied from such statutory grant. We approve
this holding and cite in support thereof, Anderson v. Brandon,
47 S.W. 2d 261, 121 Tex. 188 (1932); Brown v. Clark, 116 S.W.
360, 102 Tex. 323, 24 L.R.A. (N.S.), 670 (1909). Opinion 0-6935
also holds that the Game and Fish Commission would have author-
ity to purchase land upon which to construct such laboratory
buildings, and cites in support of such holding Herring v.
Houston National Bank, 114 Tex. 394, 269 S.W. 1031 (1925).

We note that the appropriation to the Game and Fish
Commission under House Bill 133, Acts 55th Legislature, Regular
Session, Chapter 385, page 870 and page 987, provides for an
appropriation out of the Special Game and Fish Fund "for neces-
sary equipment and other capital outlay" for the year ending
August 31, 1958, and a similar amount for the year ending August
31, 1959. The Special Game and Fish Fund referred to in the
Appropriation Bill is the successor to the "Fish and Oyster
Fund" created by Article 4030 for the purpose of making scien-
tific investigations and surveys. Art. 4386a, V.C.S. It is
our opinion that the provision for capital outlay and necessary
equipment would include and encompass the construction and
equipping of a laboratory building of the type described by
you in your opinion request.

Having concluded that the Game and Fish Commission has authority to construct the laboratory buildings here in question, we turn now to the question of whether the Commission may do so under the terms of the license granted by the Federal Government, with a view to the problem of whether a State agency may construct buildings on property which it does not own in fee. As we have stated, the license granted by the Federal Government includes the right, as far as the Federal Government is concerned, to construct buildings and other structures on the land involved. However, the license is revocable at will and is for a term of twenty years, renewable at the option of the parties.

We have been unable to find any authority, either in the State of Texas or in the other jurisdictions of the United States, concerning the power of a State agency to build upon land over which it has a right of possession or ownership of less than fee simple absolute. However, in Opinion No. V-1170, this office considered the right of the Board for Texas State Hospitals and Special Schools to place permanent improvements upon land held by the State subject to a mineral reservation and conditions subsequent. Under the terms of the deed involved in this opinion, the Federal Government sold to the State of Texas a tract of land known as Camp Fannin, wherein the Federal Government retained all mineral rights under the property involved. There were further limitations to the effect that the State would not resell or lease the property and would use the property for a tuberculosis hospital for a period of twenty-five years. There was a further provision that the Federal Government, during national emergencies, was entitled to full unrestricted use, control and possession of the property, including all additions and improvements made by the State of Texas. In this opinion it was held that the question of whether a building was to be placed upon this particular land under the circumstances was to be determined in the exercise of sound discretion by the Board for Texas State Hospitals and Special Schools.

Accordingly, it is our opinion that the determination of whether a laboratory building of the type described in your request is to be built on the property licensed to the State of Texas by the Federal Government is a matter to be determined by the Game and Fish Commission in the exercise of sound discretion.

We would point out that there is some question as to whether a building constructed on the property belonging to the Federal Government could be removed under the provisions of the license. There is a distinct possibility that such a building would become attached to the land as a fixture and would revert

to the Federal Government as a part of the land.  As such, it might not constitute "property" under the license, and there could arise some question as to the right of the Game and Fish Commission to remove it from the land upon termination of the license.

Because of the terms of this agreement, and because of the nature of the estate held by the Commission, we would suggest that no structure be built on this land which was not fully movable as constructed, that is, on skids or other means. We would point out that this land is subject to flooding by the Federal Government, and the State will have no right to collect from the Federal Government for any damages occasioned by such flooding.  We would also point out that all the other privileges reserved to the United States Government could be exercised without recourse by the Commission insofar as any damages occasioned to the property of the State of Texas would be concerned.

## SUMMARY

The Game and Fish Commission has authority under Article 4030, V.C.S., to construct a building to house laboratory facilities for the purpose of making scientific investigations and surveys of marine life.  The appropriation to the Game and Fish Commission for the biennium ending August 31, 1959, authorizes expenditure of funds for such purposes. Whether or not the Game and Fish Commission is to construct a small laboratory building on a tract of land licensed to the Game and Fish

Commission by the Federal Government
is a question to be determined in
exercise of sound discretion by the
Game and Fish Commission.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John H. Minton, Jr.
Assistant

JHM:jl:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. Mark McLaughlin
Jack Goodman
Ralph R. Rash

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert.