**John Linn SCOTT et ux., Appellants,**

v.

**Perry D. SNAVELY and Robert K. Moses, Appellees.**

No. 11328.

Court of Civil Appeals of Texas.

Austin.

July 14, 1965.

Rehearing Denied Oct. 6, 1965.

Cofer, Cofer & Hearne, Hume Cofer, Austin, for appellants.

Thomas T. Smith, Austin, for appellees.

HUGHES, Justice.

This suit is for damages for breach of a general warranty contained in a deed to real property. The breach of warranty is alleged to result from the existence of an outstanding paving lien against the property.

Appellants, grantors in the deed in suit, are John Linn Scott and wife, Frances Jean Scott. Appellees, grantees in such deed, are Perry D. Snavely and Robert K. Moses.

Trial was nonjury and there are no findings of fact in the record. The facts, as stated below, will be those which are undisputed as well as those which are disputed but which are presumed found in support of the judgment.

On July 15, 1960, appellants "granted and conveyed" to appellees by general warranty deed certain described real property located in the City of Austin, Travis County, Texas. As part consideration for such conveyance, appellees gave appellants a note of even date with the deed for $27,211.86, and at the same time executed and delivered a deed of trust on the land conveyed to secure payment of the described note.

On April 14, 1960, the City Council of Austin adopted an ordinance ordering certain paving improvements. Notification that such improvements were proposed was sent by the City by mail to all record affected property owners, including appellant Mr. Scott, on April 25, 1960. This notice contained full information about the scheduled improvements including this statement: "Assessment Date: May 30, 1960."

On June 7, 1960, the parties herein entered into a sales contract for the involved property which provided that seller was to deliver a general warranty deed "conveying said property free and clear of all liens whatsoever, except as herein provided."

On June 10, 1960, appellant, Mr. Scott, sold a strip off the south side of the property later conveyed to appellees to the City of Austin for the purpose of straightening Riverside Drive on which street the paving was to be done.

On August 25, 1960, a paving assessment in the sum of $1,284.34 was levied against the involved property by ordinance adopted by the City of Austin. These paving improvements were completed and accepted by the City on February 2, 1961, on which date the City issued to itself a Certificate of Special Assessment against such property in the sum of $1,284.34 by reason of such paving improvements.

Appellees sold this property to third parties and, in order to discharge the paving lien against it, paid the City $1,467.88, in which amount appellants have refused reimbursement.

Judgment for $1,567.95 plus 6% interest was rendered against appellants.

Appellants have three points one of which is that the trial court erred in rendering judgment against them for the reason that the paving lien had not been levied when their deed was executed and that the subsequent levy did not create retroactively a breach of warranty even though Sec. 6 of Art. 1105b, Vernon's Tex.Civ.St. provides, in part, that, "Any assessment against abutting property shall be a first and prior lien thereon from the date improvements are ordered, and shall be a personal liability and charge against the true owners of such property at said date, whether named or not."

■ As shown, the paving here was ordered by the City on April 14, 1960, prior to the execution by appellants of their general warranty deed. Under the statute just quoted from, the inchoate lien in existence when the deed was made related back when completed to a specific time, when the paving was ordered, towit April 14, 1960.

Appellants do not attack the validity of this statute, and, in our opinion, it is controlling.

In Kohfeldt v. City of Denison, 58 S.W. 2d 549, Tex.Civ.App. Dallas, n. w. h., the Court in discussing prior statutes and the charter of the City of Denison involving a similar situation stated:

"At the time the initial ordinance was passed, November 14, 1921, ordering the improvement and declaring a lien on the abutting property, to secure its payment, Franz Kohfeldt was the owner and in possession of the property. He knew, at the time he conveyed the property to Young, thereby bringing into existence and reserving unto himself the vendor's lien, the improvement had been ordered, and the assessment and lien were in process of being created on the property. He had actual and constructive notice of the initial step taken by the city of Denison. The initial step is just as essential to the validity of the paving lien as any other requirement of the statute. The conveyance to Young, above mentioned, could not interrupt the improvement ordered, or impair the lien created. The lien was created against the property when the initial ordinance was passed. The succeeding requirements of the statutes—notices, assessments, contract, and certificate—are necessary prerequisites for the completion of the lien, which was brought into existence and attached to the property by the initial ordinance."

See also Anderson v. Brandon, 121 Tex. 188, 47 S.W.2d 261.

Since this paving lien was an encumbrance and since encumbrances are embraced within a general warranty clause, the covenant against encumbrances was breached when the deed was executed and delivered. Arts. 1297, 1298, V.T.C.S., Walcott v. Kershner, Tex.Com.App., 291 S.W. 195. This case also holds that the owner of the property when the paving lien is created is the one who benefits from the improvements.

We overrule the point under discussion.

Appellants by another point contend that by the terms of the deed of trust executed by appellees as grantors to appellants as grantees to secure the payment of the above described note that appellees specifically agreed to pay all assessments due under any municipal ordinance, and that the trial court erred in rendering judgment against them on their warranty for the amount of the paving lien.

We quote the following provisions of the deed or trust:

"(d) TAXES: Grantor (appellees) will pay all taxes and assessments that

are or may become due and payable on the above described property under any law, ordinance or regulation whether made by federal, state or municipal authority, before any interest or penalty accrues thereon.

\* \* \* \* \* \*

(j) PRIOR LIENS : Grantor agrees that in the event any lien, charge or incumbrance is claimed or asserted by any person or party to be prior or superior to the lien of this DEED OF TRUST, to immediately pay off, discharge or remove such lien, charge or incumbrance from the above described property, whether or not the same prove in fact to be prior or superior to the lien of this DEED OF TRUST."

This instrument also contained the usual provisions found in deeds of trust to the effect that it is given for the purpose of securing certain described indebtedness and if the note representing such indebtedness is paid as provided and the obligations and covenants contained in the deed of trust and note are performed then the deed of trust should become null and void.

We construe the deed and the deed of trust together, as appellants suggest we should do, and conclude that there is no basis for the contention they make. To construe these instruments as appellants would have us construe them would be to nullify the effect of the general warranty in the deed and the covenant against encumbrances. Paragraph (j) of the deed of trust would obligate appellees to discharge liens against the property which were in existence when the deed was executed and in the teeth of appellants' solemn covenant that there were no such liens.

The primary purpose of this deed of trust was to secure payment of the note described in it and to expedite foreclosure in the event of default in its payment. It should not be construed to create onerous and absurd obligations on appellees when it is clear from the instruments that the parties did not so intend.

We, of course, confine our decision to the facts before us and do not suggest that our construction of these instruments would be applicable to a deed of trust standing alone, which is given to secure payment of money borrowed by an owner of the land, conveying the land in trust for such purpose.

The point under discussion is overruled.

Appellants' remaining point is that appellees did not show that the paving lien has been paid.

This point is devoid of merit.

The City of Austin issued a Certificate of Special Assessment payable to itself in the sum of $1,284.34, for the improvements to the property in suit. This certificate was assignable, but there is no evidence that it was assigned. Appellees directed the Austin Title Company to pay the paving lien in their behalf, which it did. The City executed a receipt for this payment, appellees testified that they had not been reimbursed for the amount paid the City for a discharge of the paving lien.

The original of the Certificate of Assessment was not produced in Court and it is appellants' contention, as we understand it, that it necessarily follows that the City did not own the Certificate. We cannot agree. In the absence of evidence that the City assigned the Certificate coupled with the action of the City in accepting its payment, the evidence of its ownership of the Certificate sufficiently supports the implied finding of the trial court to this effect.

The judgment of the trial court is affirmed.

Affirmed.